**SCHENCK, PRICE, SMITH & KING, LLP**
220 Park Avenue
P.O. Box 991
Florham Park, New Jersey 07932-0991
**John M. Bowens, Esq.**
(973) 539-1000
Attorneys for Plaintiff,
Morris County Board of Chosen Freeholders

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MORRIS COUNTY BOARD OF CHOSEN FREEHOLDERS<br><br>Plaintiff,<br><br>v.<br><br>FREEDOM FROM RELIGION FOUNDATION and DAVID STEKETEE,<br><br>Defendants. | CASE NO.: _____ |

**PLAINTIFF'S BRIEF IN SUPPORT
OF ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINTS**

> **SCHENCK, PRICE, SMITH & KING, LLP**
> John M. Bowens, Esq.
> 220 Park Avenue
> Florham Park, NJ  07932
> *Attorneys for Plaintiff*
> *Morris County Board of Chosen Freeholders*

*On the Brief:*     *John M. Bowens, Esq. (JMB 2717)*

**Page**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...............................................................................1

STATEMENT OF FACTS ...................................................................................2

LEGAL ARGUMENT...........................................................................................2

PLAINTIFF IS ENTITLED TO PRELIMINARY AND TEMPORARY
INJUNCTIVE RELIEF BECAUSE THAT RELIEF IS THE ONLY
WAY TO PROTECT THE COUNTY'S RIGHTS UNDER TH
CIRCUMSTANCES..............................................................................................2

1. The County Has Demonstrated A Reasonable Probability Of
   Ultimate Success On The Merits Because Defendants' Fee
   Application in New Jersey State Court Deprives the County of its
   Constitutional Rights.................................................................................3

2. The County will Suffer Irreparable Harm if this Application is
   Denied.......................................................................................................8

3. A Balance of the Equities Favors the County Because Enforcing
   Defendants' Fee Application Violates the County's Protected
   Rights........................................................................................................8

4. The Public Interest is Served with Preliminary Restraints Because
   if Defendants' Fee Application is Granted in State Court, the
   County's Constitutional Rights will be Violated and Local
   Churches and Religious Organizations will be Unconstitutionally
   Denied Grant Money. ...............................................................................9

CONCLUSION .....................................................................................................10

# TABLE OF AUTHORITIES

**Page**

**Cases**

American Civil Liberties Union of New Jersey v. Black Horse Pike
  Regional Bd. of Educ., 8 F.3d 1471, 1477 n. 2 (3d Cir. 1996) (en banc) ..............2

Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) ....................9

Continental Group, Inc. v. Amoco Chemicals Corp., 614 F.2d 351, 359
  (3d Cir. 1980).................................................................................................8

Crowe v. De Gioia, 90 N.J. 126, 132 (1982); ECRI, 809 F.2d at 226......................8

Dam Things from Denmark v. Russ Berrie & Co., 290 F.3d 548, 556 (3d
  Cir. 2002)........................................................................................................2

Doe v. Nat'l Bd. of Medical Examiners, 199 F.3d 146, 154 (3d Cir. 1999) ............2

ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) ...............................8

Freedom From Religion Foundation, et al. v. Morris County Board of
  Chosen Freeholders, et al., Docket No. SOM-C-12089-15..................................1

Hollywood Cmty. Synagogue Inc. v. City of Hollywood, 436 F. Supp. 2d
  1296  (S.D. Fla. 2006)......................................................................................7

In Re Arthur Treacher's Franchisee Litigation, 689 F.2d 1137, 1143 (3d
  Cir. 1982) .......................................................................................................2

Mitchum v. Foster, 407 U.S. 225 (1972) ...........................................................3, 4

New Jersey-Philadelphia Presbytery of Bible Presbyterian Church v. New
  Jersey State Board of Higher Education, 482 F. Supp. 968 (D.N.J. 1980)............5

Opticians Ass'n of Am. v. Independent Opticians of Am., 920 F.2d 187,
  197 (3d Cir. 1990)...........................................................................................9

Poff, 228 N.J. Super. at 375 ..............................................................................8

Trinity Lutheran Church of Columbia, Inc. v. Comer, 137 S. Ct. 2012
  (2017)..........................................................................................................1, 9

Walker v. Wegner, 477 F. Supp. 648 (D.S.D. 1979)....................................................6

Younger v. Harris, 401. U.S. 37 (1971)..............................................................3, 4

Zanin, 198 N.J. Super. at 498..............................................................................8

**Statutes**

28 U.S.C. § 2283 ........................................................................................3

## PRELIMINARY STATEMENT

Plaintiff, Morris County Board of Chosen Freeholders ("County") seeks temporary restraints and an injunction against Defendants, Freedom From Religion Foundation and David Steketee ("Defendants"). The Defendants have filed an application in New Jersey State seeking substantial counsel fees as the "prevailing party" in a law suit entitled Freedom From Religion Foundation, et al. v. Morris County Board of Chosen Freeholders, et al., Docket No. SOM-C-12089-15. In that suit, the Defendants alleged that a voter-approved Grant Program which provided grants to non-profit owners, including religious organization, of buildings on the state or federal list of historical buildings violated the New Jersey Constitution.

Although the trial court granted summary judgement in favor of the County, the New Jersey Supreme Court reversed that decision. That Court held that a provision of the New Jersey Constitution which pre-dated the United States Constitution barred that portion of the Grant Program which provided grants to religious institutions.

In view of the decision of the New Jersey Supreme Court, the trial court is constrained to view the Defendants as "prevailing parties" and will likely award counsel fees.  The County's program is consistent with, and mandated by, the United States Supreme Court in Trinity Lutheran Church of Columbia, Inc. v. Comer, 137 S. Ct. 2012 (2017); however, the County cannot obtain vindication of its rights in

1

the New Jersey state courts.  Accordingly, the County asks this Court to issue an order enjoining the Defendants from seeking fees against the County in state court.

## STATEMENT OF FACTS

This Court is respectfully referred to the Verified Complaint for a full recitation of the facts in support of this application.

## LEGAL ARGUMENT

**PLAINTIFF IS ENTITLED TO PRELIMINARY AND TEMPORARY INJUNCTIVE RELIEF BECAUSE THAT RELIEF IS THE ONLY WAY TO PROTECT THE COUNTY'S RIGHTS UNDER TH CIRCUMSTANCES.**

To obtain a preliminary injunction, the moving party must demonstrate: (1) the likelihood of the movant's success on the merits; (2) whether the movant will be irreparably injured if relief is not granted; (3) whether the party to be enjoined will suffer irreparable injury if the preliminary relief is granted; and (4) whether the public interest will be served by the preliminary injunctive relief.  Dam Things from Denmark v. Russ Berrie & Co., 290 F.3d 548, 556 (3d Cir. 2002); Doe v. Nat'l Bd. of Medical Examiners, 199 F.3d 146, 154 (3d Cir. 1999); American Civil Liberties Union of New Jersey v. Black Horse Pike Regional Bd. of Educ., 8 F.3d 1471, 1477 n. 2 (3d Cir. 1996) (en banc); In Re Arthur Treacher's Franchisee Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982).

As discussed below, a consideration of all four factors tilts decisively in favor of granting Plaintiff a Temporary Restraining Order and Preliminary Injunction.

> **1.      The County Has Demonstrated A Reasonable Probability Of Ultimate Success On The Merits Because Defendants' Fee Application in New Jersey State Court Deprives the County of its Constitutional Rights**

Under the Supreme Court's ruling in <u>Younger v. Harris</u>, the Court issued a prudential doctrine against federal interference with ongoing state court proceedings: "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."  401 <u>U.S.</u> 37 (1971).  This decision stands in conjunction with the Anti-Injunction Act, 28 U.S.C. § 2283, the express congressional policy prohibiting the issuance of federal injunctions restraining state court proceedings.  The current version of the Anti-Injunction Act provides:

> *A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.*

[28 U.S.C. § 2283.]
in <u>Mitchum v. Foster</u>, 407 U.S. 225 (1972), the Supreme Court the Court addressed the applicability of <u>Younger</u> civil rights cases.  In <u>Mitchum</u>, the Court determined that Section 1983 actions are an exception to the <u>Younger</u> rule.  42 U.S.C. 1983 expressly authorizes a "suit in equity" to redress the deprivation under color of state law of any right, privilege, or immunity secured by the Constitution.  The Supreme

Court in <u>Mitchum</u> observed that "the very purpose of Section 1983 was to interpose

the federal courts between the States and the people . . . to protect the people from

unconstitutional action under color of state law, whether that action be executive,

legislative or judicial." <u>Id.</u> at 242-243.

Concerns remained, however, as the court in <u>Mitchum</u> emphasized that its

holding did not "question or qualify in any way the principles of equity, comity, and

federalism that must restrain a federal court when asked to enjoin a state court

proceeding." <u>Id.</u> at 243.  The doctrine articulated in <u>Younger</u> continues to operate

as an independent restraint on the availability of federal injunctive relief.

The County is entitled to plead a Section 1983 claim because it can

demonstrate that principles of equity, comity, and federalism do not restrain this

Court.  In <u>Mitchum</u> the prosecuting attorney of Bay County, Florida, brought a

proceeding in a Florida court to close down a bookstore claimed to be a nuisance

under Florida Law.  The state court entered a preliminary order prohibiting

continued operation of the store and after further inconclusive proceedings in the

state courts, the bookstore owner filed a complaint in federal court alleging that,

under Section 1983, the state judicial and law enforcement officials were depriving

him of rights guaranteed by the First and Fourteenth Amendments.

In holding for <u>Mitchum</u> the Supreme Court found:

*Even the possible unconstitutionality of a state statute on its face does*
*not in itself justify an injunction  . . . [except] in certain exceptional*

4

*circumstances: where irreparable injury is both great and immediate, where the state is flagrantly and patently violative of express constitutional prohibitions, or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief.*

[Id. at 231.]

When viewed through the prism of Section 1983 the County's rights have been violated by the ruling of the New Jersey Supreme Court which erroneously ruled that its Grant Program was unconstitutional. The County now faces the loss of rights under the Fifth and Fourteenth Amendments to due process of law.

In New Jersey-Philadelphia Presbytery of Bible Presbyterian Church v. New Jersey State Board of Higher Education, 482 F. Supp. 968 (D.N.J. 1980) the plaintiffs (a college, church entities affiliated with the college, students, and faculty) sought an injunction requiring the Board to license the college following a state action where the New Jersey Supreme Court upheld the power of the board to refuse to do so.   The college's request for injunction was granted and the board was enjoined from taking any action to prevent the college from engaging in any religious teaching or educational activities.   Whereas the defendant-Board argued that the injuries to the plaintiffs were merely speculative the court found otherwise, stating that "there is nothing hypothetical about the fact that if defendants' actions stand" the church would lose a college it had sponsored, and students would be unable to attend the institution.  Id. at 975.

5

In response to arguments that res judicata and collateral estoppel prevented federal consideration the court found that the New Jersey Supreme Court did not have occasion to address the new issues presented such as whether the Board could compel the college to stop teaching and granting degrees. The state case was limited to review of the State Board's power to license the school. Id. at 976. Likewise, there is nothing hypothetical about the fact that the County is exposed to a significant loss and may also face suits from religious institutions that the County's denial of grants to them is in violation of the First Amendment and the County would have no choice but to admit such violation.

In Walker v. Wegner, 477 F. Supp. 648 (D.S.D. 1979), the plaintiffs attacked a South Dakota statute regulating the solicitation of charitable contributions, as violative of the First and Fourteenth Amendments under 42 U.S.C. § 1983. The Secretary of South Dakota entered an order under the statute requiring a church to halt all solicitation of contributions in the State and a hearing was scheduled. In response, the church plaintiffs brought an action for declaratory judgment that the statute was unconstitutional. Id. at 650. The court granted the declaratory relief sought, finding that there was a high likelihood of success at trial because fund raising for a religious purpose is "fully protected by the first amendment". Id. at 652.

There are important, persuasive similarities between this case and Wagner.

6

First, like Wagner, the churches in Morris County are no longer allowed to solicit grants under the Grant Program. Consequently, the County finds itself wedged between the Scylla of violating the U.S Constitution and the Charybdis of the order of the New Jersey Supreme Court and its accompanying exposure to exorbitant award of counsel fees.

In addition to Section 1983, the County is entitled to protection under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc. In, Hollywood Cmty. Synagogue Inc. v. City of Hollywood, 436 F. Supp. 2d 1296 (S.D. Fla. 2006), the plaintiffs filed a complaint asserting violations of the First Amendment and Fourteenth Amendments as well as the RLUIPA and the Florida Religious Freedom and Restoration Act where the city granted special exceptions to its zoning law for day care centers and educational facilities as well as in terms of parking regulation but failed to extend the same exceptions to a synagogue. The court held that by demonstrating that the City of Hollywood denied the synagogue a Special Exception and with its patent affect on religious worship, the plaintiff sufficiently alleged facts to support a claim that the defendant discriminated against the synagogue on the basis of its religious affiliation under RLUIPA.

Likewise, under the state's ruling, the County is now forced to exclude churches in a way that is discriminatory and violative of the RLUIPA. For the

7

foregoing reasons, Plaintiff respectfully submits that it has established a likelihood

of success on the merits of its claims.

**2.      The County will Suffer Irreparable Harm if this Application is Denied.**

The second requirement for preliminary restraints is that the movant must

establish "immediate irreparable injury." ECRI v. McGraw-Hill, Inc., 809 F.2d 223,

226 (3d Cir. 1987); Continental Group, Inc. v. Amoco Chemicals Corp., 614 F.2d

351, 359 (3d Cir. 1980).  Harm is generally considered "irreparable" in equity if it

cannot be redressed adequately by monetary damages.  See Crowe v. De Gioia, 90

N.J. 126, 132 (1982); ECRI, 809 F.2d at 226.

Here, the County faces a loss of its Fifth Amendment right to due process

since it has no protection for those  rights in the  New Jersey and it will be compelled

to deny religious institutions their rights under the First amendment.

**3.      A Balance of the Equities Favors the County Because Enforcing Defendants' Fee Application Violates the County's Protected Rights.**

A third requirement for preliminary restraints is that the movant must establish

that the "balance of the equities" is in the movant's favor.  To meet this requirement,

a movant must establish that he will suffer greater hardship if injunctive relief is

denied than the opponent will if it is granted.  Crowe, 90 N.J. at 134; Zanin, 198 N.J.

Super. at 498.  In applying this test, a court should "always consider and apply

principles of justice, equity and morality."  Poff, 228 N.J. Super. at 375.

Defendants' pending fee application in New Jersey state court, if granted, will deprive the County of its protected constitutional rights by penalizing it for conducting a program consistent with its obligations under the United States Constitution. See Trinity Lutheran Church of Columbia, Inc. v. Comer, 137 S. Ct. 2012 (2017). Moreover, the state court ruling denies the citizens of Morris County their right to underwrite support for historical buildings. In light of the foregoing, it is clear that the "balance of equities" weighs heavily in the County's favor.

**4. The Public Interest is Served with Preliminary Restraints Because if Defendants' Fee Application is Granted in State Court, the County's Constitutional Rights will be Violated and Local Churches and Religious Organizations will be Unconstitutionally Denied Grant Money.**

The fourth and last requirement for preliminary restraints is that the movant must establish that the issuance of the injunction would further the public interest. Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992); Opticians Ass'n of Am. v. Independent Opticians of Am., 920 F.2d 187, 197 (3d Cir. 1990). The County satisfies this requirement because not only would granting the fee application deny the County of its constitutional rights but also enforcing the application would unconstitutionally deny funding to local churches and religious organizations who are otherwise entitled to funding under Trinity Lutheran.

9

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court

grant the injunctive relief set forth in Plaintiff's Order to Show Cause.

Dated:  April 12, 2019

By: /s/ John M. Bowens
John M. Bowens, Esq. (JMB 2717)
**SCHENCK, PRICE, SMITH & KING, LLP**
220 Park Avenue
Florham Park, NJ  07932
*Attorneys for Plaintiff*
*Morris County Board of Chosen Freeholders*