**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**MADELINE COX ARLEO**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 4066<br>NEWARK, NJ 07101<br>973-297-4903 |

April 16, 2019

VIA ECF

**LETTER ORDER**

Re:   **Morris County Board of Chosen Freeholders v. Freedom From Religion Foundation,** *et al.*
      **Civil Action No. 19-09776**

Dear Litigants:

Before the Court is a Motion for an Order to Show Cause with Temporary Restraints filed by Plaintiff Morris County Board of Chosen Freeholders ("Plaintiff" or the "County") against Defendant Freedom From Religion Foundation ("FFRF") and Defendant David Steketee (together, "Defendants"). ECF No. 1. For the reasons explained below, Plaintiff's Motion is **DENIED**.

On December 1, 2015, FFRF filed suit against the County in New Jersey Superior Court to enjoin the County from providing grants to religious institutions that own buildings named to the federal or state list of historical buildings. See ECF No. 1.2 ¶¶ 4–5. The case was ultimately appealed to the New Jersey Supreme Court. See id. ¶¶ 6–9. On April 18, 2018, the New Jersey Supreme Court held that the New Jersey Constitution barred the portion of the County's grant program that provided grants to religious institutions. See id. ¶ 10. The County filed an application for certiorari with the United States Supreme Court, which was denied. See id. ¶ 11. On March 27, 2019, FFRF filed a motion in the Law Division of the Superior Court for Somerset County, seeking to reopen the original complaint and be awarded $750,000 in attorneys' fees as a "prevailing party." See id. ¶12. The County now seeks temporary injunctive relief and an order to show cause why Defendants should not be permanently enjoined from recovering attorneys' fees in relation to its pending application in New Jersey Superior Court.

First, the County's ex parte request for a temporary restraining order is denied for failing to comply with Fed. R. Civ. P. 65(b)(1) and L. Civ. R. 65.1(a). Fed. R. Civ. P. 65(b)(1) requires that "(A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." The County's submissions did not clearly show that irreparable injury would occur before Defendants could be heard on this issue. Nor has the County not made "a clear and specific showing by affidavit . . . or verified pleading of good and

sufficient reasons why a procedure other than by notice of motion is necessary." L. Civ. R. 65.1(a). The request for a temporary restraining order is therefore denied.

Moreover, even if this Court were to consider the request on the merits, no irreparable harm has been shown. Nor has the County demonstrated that money damages are inadequate. See Liberty Lincoln-Mercury Inc. v. Ford Motor Co., 562 F.3d 553, 557 (3d Cir. 2009) ("[The Third Circuit has] long held that an injury measured in solely monetary terms cannot constitute irreparable harm."). Indeed, the entire state court action from which the County seeks relief is based on attorneys' fees.

Finally, the Court has reviewed Plaintiff's Complaint and is concerned that it lacks subject matter jurisdiction to entertain Plaintiff's claims. See Rurhgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("Subject-matter delineations must be policed by courts on their own initiative."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The County is therefore ordered to show cause why this Court should not dismiss the Complaint pursuant to the Rooker-Feldman and Colorado River doctrines. Plaintiff shall file its brief by April 30, 2019 and Defendants shall respond by May 14, 2019. Plaintiff's reply, if any, shall be filed by May 28, 2019.

**SO ORDERED**.

*s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**