John M. Bowens, Esq.
**SCHENCK, PRICE, SMITH & KING, LLP**
220 Park Avenue
P.O. Box 991
Florham Park, New Jersey 07932-0991
 (973) 539-1000
Attorneys for Plaintiff,
Morris County Board of Chosen Freeholders

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MORRIS COUNTY BOARD OF CHOSEN FREEHOLDERS<br><br>                Plaintiff,<br><br>v.<br><br>FREEDOM FROM RELIGION FOUNDATION and DAVID STEKETEE,<br><br>                Defendants. | CASE NO.: 2:19-cv-09776 |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**SCHENCK, PRICE, SMITH & KING, LLP**
John M. Bowens, Esq.
220 Park Avenue
Florham Park, NJ  07932
*Attorneys for Plaintiff*
*Morris County Board of Chosen Freeholders*

*On the Brief:*        *John M. Bowens, Esq. (JMB 2717)*

**Page**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................iii

PRELIMINARY STATEMENT.................................................................. 1

STATEMENT OF FACTS ......................................................................... 2

LEGAL ARGUMENT................................................................................. 3

POINT I .................................................................................................3

SUBJECT MATTER JURISDICTION JURISPRUDENCE
REQUIRES THE FINDING THAT THE COUNTY HAS
ASSERTED JURISDICTION UNDER 28 U.S.C. § 1331. ...............................3

A. The County asserted subject matter jurisdiction..........................................3

B. The *Rooker-Feldman* doctrine provides support for the County's
claim.........................................................................................................4

C. The County has federal question jurisdiction. .............................................7

D. The County's injury has been clearly articulated to support
standing. ...................................................................................................8

POINT II ...............................................................................................11

THE COUNTY HAS STATED A CAUSE OF ACTION UNDER
BOTH 42 U.S.C. § 1983 AND RLUIPA. ...........................................11

A. Collateral estoppel does not preclude the County where it has
asserted an independent cause of action.......................................................11

B. The County's 1983 and RLUIPA claims are proper.................................12

C. The Full Faith and Credit Clause is inapplicable. .....................................16

D. The County is authorized to seek its injunction. ........................................ 16

POINT III..............................................................................................16

i

THE COUNTY IS ENTITLED TO PURSUE ITS CLAIMS
AGAINST THE NAMED DEFENDANTS. ....................................................16

CONCLUSION ........................................................................................... 18

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Cases**

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ....................................................3

Blum v. Yaretsky, 457 U.S. 991 (1982) ...........................................................7, 12

Bonner v. Montgomery County, No. 10-2055, 2011 U.S. Dist. LEXIS
  32961, at *10, n.3 (E.D. Pa. Mar. 28, 2011)............................................................6

Brentwood Academy v. Tenn. Secondary Sch. Ath. Ass'n, 531 U.S. 288
  (2001) ...................................................................................................8, 12

Carroll v. Rochford, 123 Fed. App'x 456 (3d Cir. 2005)............................................5

Centifanti v. Nix, 865 F.2d 1422, 1430 (3d Cir. 1989) ............................................6

ECRI v. McGraw-Hill, Inc., 809 F.2d 223 (3d Cir. 1987) .......................................8

Elrod v. Burns, 427 U.S. 347 (1976) ...........................................................9, 10

Ernst v. Child & Youth Servs., 108 F.3d 486 (3d Cir. 1997)....................................5

Fitzgerald v. Shore Mem. Hosp., 92 F. Supp. 3d 214 (D.N.J. 2015) .....................11

Flagg Brothers, Inc. v. Brooks, 436 U.S. 149 (1978)..............................................13

Georgia v. Evans, 316 U.S. 159 (1942) ..................................................................14

Gresham Park Community Organization v. Howell, 652 F.2d 1227 (5th
  Cir. 1981)...............................................................................................13

Groman v. Twp. of Manalapan, 47 F.3d 628 (3d Cir. 1995)..............................8, 12

Hill v. Barnacle, 598 Fed. App'x 55 (3d. Cir. 2015)................................................7

Hohe v. Casey, 868 F.2d 69 (3d Cir. 1989)............................................................10

In Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280
  (2005)......................................................................................................4

Incubadora Mexicana, SA de CV v. Zoetis, Inc., 310 F.R.D. 166 (E.D. Pa.
  2015) .....................................................................................................17

iii

Inyo County v. Paiute-Shoshone Indians, 538 U.S. 701 (2003)..............................14

Lugar v. Edmonson Oil Co., 457 U.S. 922 (1982) ........................................ 7, 12, 13

Marks v. Stinson, 19 F.3d 873 (3d Cir. 1994) ..........................................................6

McCormick v. Hirsch, 460 F. Supp. 1337 (M.D. Pa. 1978)...............................8, 10

Mitchum v. Foster, 407 U.S. 225 (1972) ...............................................................16

Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)...............................................14

New Jersey-Philadelphia Presbytery of Bible Presbyterian Church v. New
    Jersey State Board of Higher Education, 482 F. Supp. 968 (D.N.J. 1980) ..........15

New York Times v. Sullivan, 376 U.S. 254 (1964) .................................................13

Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987) ......................................................6

Pfizer Inc. v. Government of India, 434 U.S. 308 (1978) .......................................14

Phillips v. Cnty. of Allegheny, 515 F.3d 224 (3d. Cir. 2008) ...................................3

Public Funds for Public Schools v. Marburger, 358 F. Supp. 29 (D.N.J.
    1973) .......................................................................................................................10

Rose v. City of Allentown, 211 Fed. App'x 133 (3d Cir. 2007) ..........................6, 7

Seborowski v. Pittsburgh Press Co., 188 F.3d 163 (3d Cir. 1999).........................11

Shelley v. Kraemer, 334 U.S. 1 (1948)...................................................................13

Skokomish Indian Tribe v. United States, 410 F.3d 506 (9th Cir. 2005)...............14

Ward v. Apple Inc., 791 F.3d 1041 (9th Cir. 2015) ...............................................17

West v. Atkins, 487 U.S. 42, 48 (1988).....................................................................12

Wisconsin v. Yoder, 406 U.S. 205 (1972)...............................................................15

Younger v. Harris, 401 U.S. 37 (1971) ...................................................................16

**Rules**

Fed. R. Civ. P. 8(a)(1)..............................................................................................3

Rule 19(a)(1)(B)......................................................................................................16

## PRELIMINARY STATEMENT

Defendants, Freedom From Religion Foundation and David Steketee ("Defendants" or "FFRF"), erroneously urge this Court to accept the proposition that the County should not be allowed relief from the New Jersey District Court because it already litigated a lawsuit with the Defendants in state court. In pursuing this argument, the Defendants evade salient facts and law that fully support the determination that the Court has subject matter jurisdiction and the County has articulated a cause of action under multiple federal statutes.

Restated a dozen ways, Defendants allege that the County is asking this Court to review the same claims litigated in the state court, but the facts do not support the Defendants' motion. They simply ignore that the current claim addresses the County's federal rights not to be penalized for engaging in conduct consistent with the United States Constitution. The former lawsuit dealt with whether a voter-approved Grant Program which permitted grants to religious institutions could be upheld under the New Jersey Constitution. There is no dispute here about the Grant Program and no challenge to the New Jersey Constitution. The only issue is whether the County can be penalized for engaging in Constitutional conduct.

Defendants argue that the County has not stated a federal cause of action based upon nothing more than their self-serving conclusions. Meanwhile, the law provides that the civil liability does exist for violations of the County's constitutional rights.

1

The archetypical case in which a municipal entity may be able to hold a private actor liable is when it engages in a course of conduct which has a very public effect and implication.   While arguably certain defendants do not meet this standard, the evidence of conduct by Defendants renders the notion of "private action" in their case meaningless.

While perhaps notable for their protracted and premature claim, Defendants' arguments lack both legal and factual support.  Accordingly, the County's order to show cause should be granted, and Defendants' motion should be denied.

## STATEMENT OF FACTS

The County relies upon the Verified Complaint for the facts relevant to this action.

## LEGAL ARGUMENT

### POINT I

**SUBJECT MATTER JURISDICTION JURISPRUDENCE REQUIRES THE FINDING THAT THE COUNTY HAS ASSERTED JURISDICTION UNDER 28 U.S.C. § 1331.**

#### A.    The County asserted subject matter jurisdiction.

Defendants' claim that the County fails to assert jurisdiction under 28 U.S.C. § 1331 based upon their selective reading of the Order to Show Cause.  Initially, Defendants simply ignore the standard that applies under Fed. R. Civ. P. 8(a)(1), that the complaint must contain only "a short and plain statement of the grounds for the court's jurisdiction."  In making that determination a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]."  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d. Cir. 2008).  Further, the complaint sets forth, in detail, the substance of the County's claims and meets the pleading requirements set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The County has alleged that the imposition of exorbitant attorneys' fees, on the basis that it has given grants to Churches under a valid, voter-approved Grant Program will cause immediate and irreparable harm.  Fed. R. Civ. P. 8(a)(1) does not warrant, let alone require, that the County go beyond this plain language in asserting its claim for relief.

3

**B.** **The *Rooker-Feldman* doctrine provides support for the County's claim.**

FFRF attempts to shoe-horn the County's claim into the prohibitions of the Rooker-Feldman Doctrine, by contorting its plain language beyond anything the courts could have intended.  The Rooker-Feldman Doctrine states that in select circumstances a District Court is deprived of jurisdiction to review a state court adjudication.  Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).  In Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005),  the United States Supreme Court emphasized the narrow scope of that Doctrine, holding that Rooker-Feldman "is confined to cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

Were the County to seek to overturn the original judgment or to challenge the constitutionality of the Grant Program, the Rooker-Feldman Doctrine might well prohibit such an action.  Here, however, rather than seeking the resuscitation of the Grant program, the County simply seeks to avoid the imposition of a penalty for implementing a program fully compliant with the United States Constitution.  Indeed, the court in Exxon Mobil observed:

> [N]either Rooker nor Feldman supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches the judgment on the same or related

4

> question while the case remains <u>sub judice</u> in a federal
> court . . . If a federal plaintiff **present[s] some independent
> claim,** albeit one that denies a legal conclusion that a state
> court has reached in a case to which he was a party . . . ,
> then there is jurisdiction and state law determines whether
> the defendant prevails under principles of preclusion.

[<u>Id.</u> at 292.] (Emphasis added.)

The purpose of the <u>Rooker-Feldman</u> Doctrine is to prevent appeals from state court

judgments.  Nothing in the County's claim runs contrary to that purpose.

The <u>Rooker-Feldman</u> Doctrine did not intend to police the adjudication of

federal claims that seek relief from independent injuries.  Indeed, critical to the

application of the <u>Rooker-Feldman</u> Doctrine is that the injuries complained of are

distinct from the state-court judgment.  In <u>Carroll v. Rochford</u>, 123 Fed. App'x 456,

459 (3d Cir. 2005), where the plaintiff "never raised his First Amendment claim

either in the administrative or state proceedings, and the issue was never

adjudicated" the court found that the federal action was not "inextricably

intertwined".  The court similarly could not reject a claim where the injuries

complained of in the prior litigation, which centered on an attempt to win

reinstatement and back pay, were different from the federal litigation seeking

damages based on a violation of First Amendment rights.  <u>Id.</u>

In <u>Ernst v. Child & Youth Servs.</u>, 108 F.3d 486 (3d Cir. 1997), the Court

considered the petition of a grandmother who alleged pursuant to 42 U.S.C. § 1983

that she was deprived of custody of her granddaughter through the actions of child

welfare workers and the cross-appellant attorney.  In deciding that the <u>Rooker-Feldman</u> Doctrine did not preclude the district court from deciding the grandmother's claims for damages the Court stated that it "would not have required the court to find that the state court judgments . . . were erroneous." <u>Id.</u> at 492. <u>See also</u> <u>Marks v. Stinson</u>, 19 F.3d 873 (3d Cir. 1994) (holding that the court "was not barred under <u>Rooker-Feldman</u> from hearing the constitutional and fraud claims of Marks . . . because these claims had not been determined by the state court, nor were they inextricably intertwined with a prior state court decision") (citing <u>Centifanti v. Nix</u>, 865 F.2d 1422, 1430 (3d Cir. 1989)); <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 25 (1987); <u>Bonner v. Montgomery County</u>, No. 10-2055, 2011 U.S. Dist. LEXIS 32961, at *10, n.3 (E.D. Pa. Mar. 28, 2011) (holding that where the federal complaint "asks us to review the constitutionality" of a state court decision, the claim was not barred by <u>Rooker-Feldman</u>).

Federal subject matter jurisdiction is supported by <u>Rooker-Feldman</u> because the County complains of a distinct cause of injury.  In <u>Rose v. City of Allentown</u>, 211 Fed. App'x 133, 138 (3d Cir. 2007), the court found that a federal complaint with overlapping issues can be heard.  The court's decision hinged on its view that the injuries complained of preceded the state court judgment.  The court noted, "Rose's first federal complaint overlaps with his adjudicated state-court claims . . . however, 'this overlap does not mean that the <u>Rooker-Feldman</u> doctrine is

applicable." Id. at 138. See also Hill v. Barnacle, 598 Fed. App'x 55, 57 (3d. Cir. 2015), where the court distinguished the federal action, finding that following the dismissal of her state court petition claiming that a visitation ban violated her due process rights she could pursue a federal Section 1983 complaint based on the same conduct.

The County's present injuries are distinguishable from the state action. Similar to Rose, while there is some overlap between the present order to show cause and the state proceedings, this expected overlap does not bar federal subject matter jurisdiction. As in Hill, the injuries asserted here are not caused by the original state judgment but by the pending action for attorneys' fees. The pending request for attorney's fees causes additional harm which has not been considered. Plainly, the County has demonstrated a distinct cause of action which does not offend Rooker-Feldman in any way.

### C. The County has federal question jurisdiction.

Federal question jurisdiction under 42 U.S.C. § 1983 is not barred to a county raising a claim against a private actor. While the County is constrained to agree with Defendants that Section 1983 excludes "merely private conduct", Blum v. Yaretsky, 457 U.S. 991, 1002 (1982), liability under Section 1983 may attach to a private actor if the challenged conduct is "fairly attributable to the [S]tate." Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982). Whether an action may be fairly attributable to

the State "is a matter of normative judgment, and the criteria lack rigid simplicity." Brentwood Academy v. Tenn. Secondary Sch. Ath. Ass'n, 531 U.S. 288 (2001). Indeed, the Supreme Court has adopted a flexible, "fact-specific" approach to determining whether state action exists.  Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995).  Plaintiffs rely upon their mantra that they should receive a dismissal simply because they say so.  While the County does not dispute that Defendants are private actors, their goal is to have the State Court punish the County for engaging in Constitutionally protected conduct.

**D.     The County's injury has been clearly articulated to support standing.**

In ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987), the court assessed the evidence a party must produce to demonstrate an injury to support standing in the case of a preliminary injunction, finding that it must be "sufficient to convince the court that . . . the movant will be irreparably injured by denial of relief." What is "irreparable . . . varies from case to case and there are no set guidelines in terms of financial harm, delay, or damage to personal rights that can be carried from one case and applied in another."  McCormick v. Hirsch, 460 F. Supp. 1337, 1349 (M.D. Pa. 1978).

Though there are no set guidelines for what constitutes irreparable harm, there are some general rules that help to define what is irreparable, one of which is, "[w]hen an alleged deprivation of a constitutional right is involved, most courts hold

that no further showing of irreparable injury is necessary." <u>Id.</u>  In the seminal case of <u>Elrod v. Burns</u>, 427 U.S. 347, 373-74 (1976), the Supreme Court found that, in the context of certain constitutional injuries no harm other than the constitutional violation need be plead to demonstrate irreparable harm for purpose of a preliminary injunction.  In <u>Burns</u>, the court observed, "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." <u>Id.</u> at 374.  Importantly, the County cannot seek relief in the state courts because of the prior adjudications, such that this Court is the only avenue for relief.  Consequently, it cannot be denied that the facts presented by the County establish that irreparable harm will ensue if this Court dismisses its claim.

The Defendants justify the $750,000 penalty by offering the counterintuitive proposition that: "FFRF's actions have actually *saved* the County millions of dollars."  Defendants' Brief at 9.  FFRF's argument confuses monies which the citizens of Morris County earmarked for civic purposes with the payment of an constitutionally repugnant tax on the County for acting in conformity with the constitution.  Defendants effectively mischaracterize the underpinning of the County's claim.  Like <u>Burns</u>, where municipal employees were threatened to be discharged and deprived of financial benefit on the basis of their political views, the County is threatened a deprivation of its finances in direct contravention of its Constitutional rights.

9

Similarly, Third Circuit precedent affirms the finding that a threatened constitutional violation constitutes immediate and irreparable harm for purposes of attaining a preliminary injunction.  Hohe v. Casey, 868 F.2d 69, 73 (3d Cir. 1989) ("[i]t is well-established that 'the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury'" (citing Elrod, 427 U.S. at 373)).  In the context of a preliminary injunction, courts have found it particularly important to protect against threats to religious freedom and association.  In fact, in Public Funds for Public Schools v. Marburger, 358 F. Supp. 29 (D.N.J. 1973), the court found that the threatened deprivation of rights guaranteed by the establishment and free exercise clauses of the First Amendment is *per se* irreparable harm for purposes of granting a preliminary injunction.

Likewise, in McCormick v. Hirsch, 460 F. Supp. 1337, 1349 (Pa. M. D. 1978), the court found that "the beginnings of entanglement and restraint of free exercise rights would start immediately on the institution of the certification proceeding." There, the court found the Defendant's assertion that "mere litigation expense . . . does not constitute irreparable injury" to be unavailing, observing that Plaintiff properly contended, "the harm is not the expense of submitting to a proceeding, but the unconstitutionality of the proceeding itself."  Id.

Defendants' statement that the County has no injury is simply not true.  As in Marburger and McCormick, irreparable harm would immediately flow from the

10

continuance of a proceeding to penalize the County on the basis of its association

with religious organizations.

## POINT II

**THE COUNTY HAS STATED A CAUSE OF ACTION UNDER BOTH 42 U.S.C. § 1983 AND RLUIPA.**

### A.     Collateral estoppel does not preclude the County where it has asserted an independent cause of action.

To establish that collateral estoppel forecloses litigation of an issue, the party

asserting this bar must show that (1) the issue to be precluded is identical to the issue

decided by the prior proceeding; (2) the issue was actually litigated in that

proceeding; (3) the court there issued a final judgment on the merits; and (4) the

determination of the issue was essential to the prior judgment. Fitzgerald v. Shore

Mem. Hosp., 92 F. Supp. 3d 214, 225-26 (D.N.J. 2015) (citing Seborowski v.

Pittsburgh Press Co., 188 F.3d 163, 169 (3d Cir. 1999)).

Initially, Defendants must prove that the issue asserted in the present action is

the same.  While they repeatedly incant unsupported allegations that the County's

present case is premised on the state court's finding concerning the constitutionality

of the Grant Program, the Order to Show Cause provides no support for this

contention.  The issue at hand in this case is whether the penalization of the County

based on its prior association with religious institutions is supported by the federal

constitution—an issue that is not identical; has not been litigated; for which there

11

has not been any judgment issued; and, which was not even a part of the prior judgment, let alone essential to it.

### B.    The County's 1983 and RLUIPA claims are proper.

The County is entitled to bring its Section 1983 and RLUIPA claims, regardless of Defendants' status as private actors.  The Supreme Court has explained:

> [T]o maintain a cause of action under Section 1983, a plaintiff must demonstrate: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States.
>
> [West v. Atkins, 487 U.S. 42, 48 (1988).

The "under color of state law" requirement excludes only "merely private conduct."  Blum, 457 U.S. at 1002.  However, liability under Section 1983 may attach to a private actor if the conduct is "fairly attributable to the [S]tate."  Lugar, 457 U.S. at 937.  Under this standard, an action may be considered fairly attributable as "a matter of normative judgment, and the criteria lack rigid simplicity", Brentwood Academy, 531 U.S. at 295, such that the inquiry is "fact-specific."  Groman, 47 F.3d at 638.  When facts are in dispute, the court should decide whether the plaintiff can establish that the private actor was acting under color of state law.  Id.

In the analysis of whether a claim can be stated under Section 1983, the plaintiff must show that the defendant was acting "under color of any statute" of the

12

state.  Lugar, 457 U.S. at 930 (citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155 (1978)).  The Court has recognized that state action exists when purely private litigation resulted in a state court judgment that was subject to immediate enforcement by the state.  See, e.g., Shelley v. Kraemer, 334 U.S. 1, 13-14 (1948) (holding that state enforcement of a private discriminatory contract violated the Fourteenth Amendment); New York Times v. Sullivan, 376 U.S. 254, 265 (1964) (the exercise of state power was found in the private application by Alabama state rule of law that allegedly violated constitutional freedoms of speech and press).  Courts have found it to be particularly availing that a private actor is acting under color of state law once a state court has "placed its weight behind a position adverse to the federal plaintiff's federal right" in the form of an enforceable state court judgment.  Gresham Park Community Organization v. Howell, 652 F.2d 1227, 1229 (5th Cir. 1981).

Here, Defendants have done nothing from which a court could conclude that their actions are "merely private conduct" and excluded from review by federal courts.  Defendants do no more than conclude that they are not state actors.  They do not even reach the legal hurdles erected by the Supreme Court, let alone clear them.  Meanwhile, they have acted under the guise of state law to obtain a judgment immediately enforceable by the state that violates the First Amendment.  Accordingly, the County is entitled to pursue its Section 1983 claim.

13

The finding that a county or municipality is intended to be considered as persons under the statute is derived from the Court's holding in <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978), which provides, "[o]ur analysis of the legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies." Defendants have identified a line of case law in which Section 1983 does preclude a "sovereign" from suing. However, Section 1983 does not include counties and municipalities within its definition of a "sovereign", as the case law Defendants identified referred to foreign nations and Indian tribes. <u>See</u> <u>Inyo County v. Paiute-Shoshone Indians</u>, 538 U.S. 701, 708-12 (2003) (holding that a Tribe is not a "person" capable of bringing a claim under Section 1983); <u>Skokomish Indian Tribe v. United States</u>, 410 F.3d 506 (9th Cir. 2005) (holding that the Tribe could not sue under Section 1983 because it was suing in its capacity as a sovereign).

In addition, the Court has recognized that even a "sovereign" may assert claims under Section 1983 where the nature of its claim qualifies it as a 'person' entitled to redress. <u>Inyo County</u>, 538 U.S. at 711; <u>Georgia v. Evans</u>, 316 U.S. 159, 160-163 (1942); <u>Pfizer Inc. v. Government of India</u>, 434 U.S. 308 (1978). In <u>Pfizer Inc.</u>, the Court held that a foreign nation, as a purchaser of antibiotics, ranked as a "person" qualified to sue pharmaceuticals manufacturers under U.S. antitrust

14

laws.  Id.  Even if the County were to be improperly categorized as a sovereign rather than a person under the act, it should be allowed to seek redress as it is seeking to enforce its private right to be free from harm on the basis of its constitutionally protected association with religious organizations.

Defendants assert that the County has no First Amendment rights under which it may sue, but this assertion is based on Defendants' unsupported opinion that the County is not a "person" under Section 1983.  The County has established that it does qualify as a person under the statute, such that liability under Section 1983 may be predicated on a theory of a First Amendment violation.  In New Jersey-Philadelphia Presbytery of Bible Presbyterian Church v. New Jersey State Board of Higher Education, 482 F. Supp. 968 (D.N.J. 1980), the court found that the freedom of religion under the First Amendment was exactly the type of right that Section 1983 was intended to protect, issuing an injunction following a Supreme Court action that forbid a religious school from teaching.  The court observed, "[The] highest in the pantheon of civil rights guaranteed by the United States Constitution are the right to be free of laws prohibiting the free exercise of religion."  Id. at 978 (citing to Wisconsin v. Yoder, 406 U.S. 205 (1972)).

15

## C.     The Full Faith and Credit Clause is inapplicable.

As described above, the County's federal claim is wholly different from the prior state action, so it is beyond dispute that it is not barred by the Full Faith and Credit Clause which provides no basis for dismissal.  Accordingly, the County's claim should proceed.

## D.     The County is authorized to seek its injunction.

In <u>Mitchum v. </u>Foster, 407 U.S. 225 (1972), the court held that Section 1983 actions are within the exception to the holding in <u>Younger v. Harris</u>, 401 <u>U.S.</u> 37 (1971), that injunctive relief in civil rights cases must be "expressly authorized by Act of Congress".  Defendants fail to explain why the County should not be entitled to the relief which is clearly authorized under the statute.  Therefore, Defendants' motion to dismiss should be denied.

## <u>POINT III</u>

## THE  COUNTY  IS  ENTITLED  TO  PURSUE  ITS CLAIMS AGAINST THE NAMED DEFENDANTS.

Defendants ask the Court to find that the County failed to join the New Jersey trial division, the New Jersey Supreme Court, or the State of New Jersey as necessary parties.  They simply ignore Federal Rule of Civil Procedure 19(a)(1)(A), which defines a necessary party as one in whose "absence, the court cannot accord complete relief among existing parties."  They also fail to address Rule 19(a)(1)(B),

16

which provides that, if feasible, an absent party must be joined to an action only when "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest."

In doing so, Defendants ignore the "claimed interest" clause of Rule 19. <u>See</u> <u>Ward v. Apple Inc.</u>, 791 F.3d 1041, 1048 (9th Cir. 2015) ("[a]ccording to Rule 19's text, two conditions must be satisfied for a party to qualify as a 'required party' under Rule 19 . . . First, the party must claim an interest relating to the subject of the action.") For example, in <u>Incubadora Mexicana, SA de CV v. Zoetis, Inc.</u>, 310 F.R.D. 166, 171-72 (E.D. Pa. 2015), the court distinguished that with respect to Rule 19, movants must show that the absent entities "in fact 'claim an interest' in the subject of this litigation such that their interests need protecting".

Defendants simply cannot contend the New Jersey courts claim an interest in the action. While the New Jersey courts clearly serve as the vehicle for the Defendants claims, the Defendants have failed to satisfy the burden of demonstrating that the County did not join a necessary party.

17

## <u>CONCLUSION</u>

Accordingly, the County respectfully requests that this Court grant the relief set forth in Plaintiff's Order to Show Cause.

Dated:  May 20, 2019

> By: <u>/s/ John M. Bowens</u>
> John M. Bowens, Esq. (JMB 2717)
> **SCHENCK, PRICE, SMITH & KING, LLP**
> 220 Park Avenue
> Florham Park, NJ  07932
> *Attorneys for Plaintiff*
> *Morris County Board of Chosen Freeholders*

18