# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MORRIS COUNTY BOARD OF CHOSEN FREEHOLDERS,<br><br>                Plaintiff,<br><br>  – against –<br><br>FREEDOM FROM RELIGION FOUNDATION and DAVID STEKETEE,<br><br>                Defendants. | No. 2:19-cv-09776 (MCA)(MAH)<br><br><u>Civil Action</u><br><br>**ORAL ARGUMENT REQUESTED** |

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF COURT'S ORDER TO SHOW CAUSE

*On the Brief*:

**PAUL S. GROSSWALD, ESQ.**
13 Irving Place, Ste. 1
Summit, NJ 07901
(917) 753-7007
Fax: (212) 671-1321
pgrosswald@hotmail.com

**FREEDOM FROM RELIGION FOUNDATION**
Andrew L. Seidel, Esq. (*pro hac vice* pending)
Ryan D. Jayne, Esq. (*pro hac vice* pending)
P.O. Box 750
Madison, WI 53701
(608) 256-8900
aseidel@ffrf.org / rjayne@ffrf.org

**Attorneys for Defendants,**
      **FFRF & David Steketee**

*Submitted*: May 21, 2019

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ................................................................................................. i

**TABLE OF AUTHORITIES** ......................................................................................... ii

**PRELIMINARY STATEMENT** ................................................................................... 1

I.    **The County's request for temporary restraints has already been denied.** ............................................................................................................... 1

II.   **The <u>Rooker-Feldman</u> doctrine bars the County's claims because its alleged injuries are the direct result of losing a state court case.** ............... 2

**CONCLUSION** ............................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

Blake v. Papadakos,
953 F.2d 68 (3d Cir.1992) ................................................................................... 3

Carroll v. Rochford,
123 Fed. App'x 456 (3d Cir. 2005) .................................................................... 4

Ernst v. Child & Youth Servs.,
108 F.3d 486 (3d Cir. 1997) ................................................................................ 6

Exxon Mobil Corp. v. Saudi Basic Industries Corp.,
544 U.S. 280 (2005).............................................................................................. 2

FFRF v. Morris Cty. Bd. of Chosen Freeholders,
181 A.3d 992 (N.J. 2018), recon. denied, 195 A.3d 1276 (2018),
cert. denied 139 S. Ct. 909 (2019) .......................................................... 1, 2, 3, 4-5

FOCUS v. Allegheny Cty. Court of Common Pleas,
75 F.3d 834 (3d Cir.1996) .................................................................................. 3

Rose v. City of Allentown,
211 Fed. App'x 133 (3d Cir. 2007) .................................................................... 7

Trinity Lutheran Church of Columbia, Inc. v. Comer,
137 S. Ct. 2012 (2017)......................................................................................... 2

Turner v. Crawford Square Apartments,
449 F.3d 542 (3d Cir. 2006) ............................................................................ 6-7

**New Jersey Statutes**

N.J.S.A. § 10:6-2(f) ......................................................................................... 1, 5-6

## PRELIMINARY STATEMENT

Morris County lost a state civil rights case before the New Jersey Supreme Court. See FFRF v. Morris Cty. Bd. of Chosen Freeholders, 181 A.3d 992 (N.J. 2018), recon. denied, 195 A.3d 1276 (2018), cert. denied 139 S. Ct. 909 (2019), [ECF 7-3.] That triggered a statutory provision for attorneys' fees. N.J.S.A. 10:6-2(f). To delay this expense, the County brought this federal action based on the same arguments it relied on in state court. This Court, sua sponte, ordered the County to explain why the Rooker-Feldman doctrine does not bar its claim. The Rooker-Feldman doctrine does, in fact, bar the County's claim and this Court should dismiss the County's suit.

In trying to wriggle out of the Rooker-Feldman problem, the County argues that reimbursing a non-profit's reasonable attorneys' fees, as required by statute, is an unconstitutional tax based on the County's religion. The County's brief is not only unpersuasive — governments in this country are secular, with no religious affiliation — but also repeatedly highlights cases that contradict its argument.

**I.      The County's request for temporary restraints has already been denied.**

The County argued two points in its brief, the first being that its motion for a temporary restraining order should be granted. (Pl.'s Br. at 2 – 5, ECF 10.) This Court has already denied this request. (Letter Order, Apr. 16, 2019, ECF 4.) The sole issue before the Court here is "to show cause why this Court should not

1

dismiss the Complaint pursuant to the Rooker-Feldman and Colorado River doctrines." (Id.) We therefore move on to the undecided issue.

**II.   The Rooker-Feldman doctrine bars the County's claims because its alleged injuries are the direct result of losing a state court case.**

Under the Rooker-Feldman doctrine, a federal court has no subject matter jurisdiction to reconsider the New Jersey Supreme Court's decision in this case. Federal courts lack subject matter jurisdiction in cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). That is precisely the situation here.

In the state court proceedings, Morris County argued that it has a Free Exercise affirmative defense based on Trinity Lutheran Church of Columbia, Inc. v. Comer, 137 S. Ct. 2012 (2017). A substantial portion of the New Jersey Supreme Court decision — 12 pages of a 21-page opinion — is dedicated to a detailed analysis of the Trinity Lutheran argument. Freedom From Religion Found. V. Morris Cty. Bd. of Chosen Freeholders, 181 A.3d 992, 1000–01; 1003–12 (NJ 2018). Thus, the County's Trinity Lutheran argument has been thoroughly litigated in state court.

The County's sole argument in the instant case is that this Court should override the state court's ruling because it was "erroneous." [Pl.'s Verif. Compl. ¶

2

14, ECF 1-2.] This runs headlong into the Rooker-Feldman doctrine. In fact, on May 21, 2018 the New Jersey Supreme Court declined a motion for reconsideration of its unanimous decision, rejecting not only the County's Trinity Lutheran argument, but also the County's current assertion that the state court's unanimous decision was erroneous. FFRF, et al. v. Morris Cty. Bd. of Chosen Freeholders, et al., 195 A.3d 1276, 1277 (2018).

In its brief, rather than squarely addressing these concerns, the County listed exceptions to Rooker-Feldman that obviously do not apply in this case.

The Rooker-Feldman doctrine bars federal courts from entertaining claims that have been previously adjudicated or that are "inextricably intertwined" with a prior state adjudication. FOCUS v. Allegheny Cty. Court of Common Pleas, 75 F.3d 834, 840 (3d Cir.1996); Blake v. Papadakos, 953 F.2d 68, 71 (3d Cir.1992). A federal claim is "inextricably intertwined" with a prior state adjudication if that federal claim "succeeds only to the extent that the state court wrongly decided the issues before it." FOCUS, 75 F.3d at 840. In other words, Rooker–Feldman prohibits a federal action only "if the relief requested in the federal action would effectively reverse the state decision or void its ruling." Id.

The County's argument amounts to this: the County shouldn't have to pay attorneys' fees because the New Jersey Supreme Court got the law wrong. The County's complaint requests that this Court effectively void the New Jersey

3

Supreme Court's ruling by enjoining the prevailing parties from recovering attorneys' fees and "Permitting the County to proceed with the Grant Program's issuance of grants to religious institutions."  (Pl.'s Verif. Compl. at Wherefore Clause, ¶ 2, ECF 1-2.)  Since this is a request to completely undo the effects of the New Jersey Supreme Court's ruling, the request is inextricably intertwined with that prior state adjudication and is barred by the Rooker-Feldman doctrine.

The County does little to deny this, arguing that it does not ask this Court to overturn the state court decision, but merely "to bar the enforcement of that decision against it."  (Pl.'s Br. at 9, ECF 10.)  But barring the enforcement of a decision effectively voids that decision.  If the decision is not enforceable, the rights vindicated in the New Jersey state court action are meaningless.  The County seeks nothing other than to escape the negative consequences of losing its state court action and its claims are thus "inextricably intertwined" with that state court action.

The County mistakenly relies on Carroll v. Rochford, a case that contradicts its argument because the court held that the federal action was not "inextricably intertwined" when the plaintiff "never raised his First Amendment claim either in the administrative or state proceedings, and the issue was never adjudicated." 123 Fed. App'x 456, 459 (3d Cir. 2005).  Here, the County's Free Exercise argument was repeatedly raised and adjudicated by the state court.  See FFRF v. Morris Cty.

4

Bd. of Chosen Freeholders, 181 A.3d, 992, 1000–01; 1003–12 (N.J. 2018).  The County asks this Court to revisit that ruling, declare it erroneous, and prevent its effects.

The County even concedes that it already "raised its Constitutional issues in the original litigation," but argues that "it cannot do so in the face of the present claim because the courts of New Jersey are bound by the decision of their Supreme Court." (Pl.'s Br. at 7 - 8, ECF 10.)  This reasoning exposes a fatal flaw in the case — the County is prohibited from raising its constitutional argument in state court precisely because the state court has already adjudicated that issue, which is exactly what prohibits this Court from reconsidering the same matter under the doctrines of Rooker-Feldman and issue preclusion.

Further, contrary to the County's assertion that "this case does not even involve state law," (Pl.'s Br. at 8, ECF 10), this case directly involves state law.  The crux of the County's challenge is that the enforcement of a New Jersey fee-shifting statute violates the federal constitution.  The County complains of the prospect of paying "astronomical fees", (id.), and relies on a certification that "The County did not budget for the significant liability" of paying FFRF's attorneys' fees, (Cert. of John Napolitano, ¶ 6, ECF 10-1).  However, the simple reality is that when the State of New Jersey passed the fee-shifting provision of the New Jersey Civil Rights Act, N.J.S.A. 10:6-2(f), the State decided that New Jersey

5

counties must pay the attorneys' fees of prevailing parties when a county unsuccessfully defends a practice against a constitutional challenge, regardless of whether it has budgeted for that expense. The County's failure to plan for the possibility of losing its state law case is not grounds for a federal court to intervene with the operation of New Jersey state law.

The County then turns to Ernst v. Child & Youth Servs., which shows an exception to Rooker-Feldman when a ruling on plaintiff's § 1983 claim "would not have required the court to find that the state court judgments . . . were erroneous." (Pl.'s Br. at 8 - 9, ECF 10, quoting Ernst, 108 F.3d 486, 492 (3d Cir. 1997).) But that is precisely what the County's complaint acknowledges: that its claim is "based upon the erroneous decision of the New Jersey Supreme Court." (Pl.'s Verif. Compl. at ¶ 14, ECF 1-2.) Again, the County's stated exception to Rooker-Feldman shows that the County's claim itself is barred by Rooker-Feldman.

The County notes that "the federal complaint should not complain of injuries actually caused by a state-court judgment. [T]he cause of injury may not be the direct result of the state-court judgment . . . ." (Pl.'s Br. at 9, ECF 10, citing Turner v. Crawford Square Apartments, 449 F.3d 542, 547 (3d Cir. 2006).) Again, the statement of the law undercuts the County's case. The County's alleged injury — an obligation to pay attorneys' fees under a fee-shifting statute triggered by losing a state court case — is actually caused by, and is the direct result of, a state-

6

court judgment. By contrast, the plaintiff in Turner was a tenant facing an eviction proceeding in state court who brought a separate federal case alleging violations of the Fair Housing Act based on their landlord refusing a housing voucher. Id. at 544–46. The tenant's alleged harm in the federal case did not in any way arise from a state court decision. Id. at 547–48.

As a necessary corollary, the Rooker-Feldman doctrine does not apply to cases involving injuries that "preceded the state court judgment." (Pl.'s Br. at 10, ECF 10, citing Rose v. City of Allentown, 211 Fed. App'x 133 (3d Cir. 2007).) This exception, too, shows the applicability of Rooker-Feldman because the County's obligation to pay FFRF's attorneys' fees did not precede the state court judgment in this case; it was directly caused by the state court judgment.

Besides inadvertently showing that none of the Rooker-Feldman exceptions apply, the County argues that the act of reimbursing FFRF for its reasonable attorneys' fees would be "an unconstitutional tax on the County on the basis of its religious affiliation." (Pl.'s Br. at 3 – 4, ECF 10.) This is wrong in every way and shows the frivolous nature of this suit. FFRF has no taxing power. Morris County is a secular government that has no religious affiliation, indeed it cannot have a religious affiliation. And FFRF is not a state actor capable of violating the County's constitutional rights, to whatever extent it may have such rights given

7

that our constitutions place limits on government power and give citizens rights, not the other way around.

## CONCLUSION

The County's obligation to pay FFRF's attorneys' fees arises directly from its loss in state court, and that court thoroughly considered and rejected the same arguments that the County now makes before this Court.  The County's Complaint is thus inextricably intertwined with the state court action and is barred by the Rooker-Feldman doctrine.   Therefore, this Court should dismiss the County's complaint, with prejudice.

Dated: May 21, 2019                                             s/ *Paul S. Grosswald*

                                                                                **PAUL S. GROSSWALD**
                                                                                **Attorney for Defendants,**
                                                                                      **FFRF & David Steketee**

## **CERTIFICATION OF SERVICE**

  This is to certify that on May 21, 2019, a copy of the foregoing Defendants' Memorandum of Law in Support of Court's Order to Show Cause was filed electronically through this Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties, through their attorneys listed below, by operation of the Court's CM/ECF system. Parties may access this filing through the Court's CM/ECF System.

**SCHENCK, PRICE, SMITH & KING, LLP**
John M. Bowens, Esq.
220 Park Avenue
P.O. Box 991
Florham Park, NJ 07932-0991
(973) 539-1000
JMB@spsk.com
**Attorneys for Plaintiff,**
  **Morris County Board of Chosen Freeholders**


Dated: May 21, 2019        *s/ Paul S. Grosswald*
               _____
               **PAUL S. GROSSWALD**
               13 Irving Place, Suite 1
               Summit, NJ 07901
               Phone: 917-753-7007
               Fax: 212-671-1321
               pgrosswald@hotmail.com
               **Attorney for Defendants,**
                 **FFRF & David Steketee**