## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MORRIS COUNTY BOARD OF CHOSEN FREEHOLDERS, | No. 2:19-cv-09776 (MCA)(MAH) |
| Plaintiff, | Civil Action |
| – against – | |
| FREEDOM FROM RELIGION FOUNDATION and DAVID STEKETEE, | **RETURN DATE:** **June 3, 2019** |
| Defendants. | **ORAL ARGUMENT REQUESTED** |

## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF MOTION TO DISMISS

*On the Brief*:

**PAUL S. GROSSWALD, ESQ.**
13 Irving Place, Ste. 1
Summit, NJ 07901
(917) 753-7007
Fax: (212) 671-1321
pgrosswald@hotmail.com

**FREEDOM FROM RELIGION FOUNDATION**
Andrew L. Seidel, Esq. (*pro hac vice* pending)
Ryan D. Jayne, Esq. (*pro hac vice* pending)
P.O. Box 750
Madison, WI 53701
(608) 256-8900
aseidel@ffrf.org / rjayne@ffrf.org

**Attorneys for Defendants,**
    **FFRF & David Steketee**

*Submitted*: May 28, 2019

## <u>TABLE OF CONTENTS</u>

**TABLE OF CONTENTS** ................................................................................. i

**TABLE OF AUTHORITIES** ........................................................................ ii

**PRELIMINARY STATEMENT** .................................................................. 1

**ARGUMENT** ................................................................................................. 1

    I.    <u>**The County has not fixed the most basic problems with its Verified Complaint.**</u> .................................................................................. 1

    II.   <u>**The County has not met its burden of showing that this Court has subject matter jurisdiction.**</u> ....................................................... 2

    III.  <u>**Morris County's underlying claims are substantively meritless.**</u> .......... 4

**CONCLUSION** ............................................................................................. 8

# TABLE OF AUTHORITIES

## Cases

*Blum v. Yaretsky*,
457 U.S. 991 (1982).................................................................. 6

*Fitzgerald v. Shore Mem. Hosp.*,
92 F. Supp. 3d 214 (D.N.J. 2015) ............................................. 5

*FFRF v. Morris Cty. Bd. of Chosen Freeholders*,
181 A.3d 992 (N.J. 2018), *recon. denied*, 195 A.3d 1276 (2018),
*cert. denied* 139 S. Ct. 909 (2019) ........................................... 5

*Monell v. Dep't of Soc. Servs.*,
436 U.S. 658 (1978)................................................................... 7

*Seborowski v. Pittsburgh Press Co.*,
188 F.3d 163 (3d. Cir. 1999) .................................................... 5

*Shelley v. Kraemer*,
334 U.S. 1 (1948)....................................................................... 6

*Trinity Lutheran Church of Columbia, Inc. v. Comer*,
137 S. Ct. 2012 (2017)............................................................... 5

## Federal Constitution

Art. IV, Section 1 ....................................................................... 7

## Federal Statutes

28 U.S.C. § 1331......................................................................... 1
28 U.S.C. § 1738......................................................................... 7
42 U.S.C. § 1983...................................................................... 3, 7
42 U.S.C. § 2000cc, *et seq* ...................................................... 3

## Federal Rules of Civil Procedure

Rule 8(a)(1).............................................................................. 1, 2
Rule 8(a)(2)................................................................................. 1
Rule 12(b)(1) .............................................................................. 2
Rule 12(b)(6) .............................................................................. 4

## PRELIMINARY STATEMENT

Morris County has failed to adequately address or correct the many defects in its case, ranging from absent essential components of the Verified Complaint to fatal flaws on the merits of the County's arguments. The Court should grant Defendants' Motion to Dismiss.

## ARGUMENT

I.   **The County has not fixed the most basic problems with its Verified Complaint.**

The County's Verified Complaint lacks:

1.   A "short and plain statement of the grounds for the court's jurisdiction," as required by Fed. R. Civ. P. 8(a)(1).

2.   Any reference to a federal statute that would give rise to subject matter jurisdiction under 28 U.S.C. § 1331.

3.   Any statute giving the County a cause of action, as required by Fed. R. Civ. P. 8(a)(2).

In trying to account for these deficiencies, the County mysteriously pointed not to its Verified Complaint, but to its Order to Show Cause With Temporary Restraints (*see, e.g.,* Plaintiff's Response Brief at 3), which also contains no reference to § 1983 or any other statute, and refers to temporary restraints that this Court has already denied. (Letter Order, Apr. 16, 2019). Further, the County's only argument that it has met these basic pleading requirements is that it has alleged an

1

impending injury and that Fed. R. Civ. P. 8(a)(1) "does not warrant" the County to "go beyond [its] plain language in asserting its claim for relief." (P's Response Brief at 3). The Federal Rules of Civil Procedure do not, in fact, prohibit a plaintiff from naming a statutory cause of action rather than simply alleging harm.

The County's Verified Complaint is facially devoid of the basic elements required by the Federal Rules, warranting its dismissal.

## II. The County has not met its burden of showing that this Court has subject matter jurisdiction.

Even if the County were to amend its Verified Complaint to fix the basic deficiencies described above, this Court would lack subject matter jurisdiction for at least three reasons, mandating dismissal under Fed. R. Civ. Pro. 12(b)(1).

First, the County's claim is barred by the *Rooker-Feldman* doctrine. The County's Verified Complaint acknowledges that its alleged injuries are due entirely to a state court loss that it thinks was erroneous (Verified Complaint at ¶ 14). The County desperately tries to reframe this by arguing that their alleged injury is "not caused by the original state judgment but by the pending action for attorneys' fees" (P's Response Brief at 7), but the motion for attorneys' fees is a procedural mechanism within the same case that is only available because of the New Jersey Supreme Court's judgment in that case. The County's obligation to pay FFRF's attorneys' fees is entirely caused by the County's state-court loss and is thus covered by the *Rooker-Feldman* doctrine. The County unknowingly

2

concedes this point by acknowledging that it "cannot seek relief in the state courts because of the prior adjudications," (*Id.* at 9), which is only true because the County has already argued, and lost, this issue in state court. If the County were bringing any new claims, it could argue them in state court.

Finally, the County admits that the *Rooker-Feldman* doctrine prohibits this Court from reviewing the constitutionality of the County's grant program, but argues that "rather than seeking the resuscitation of the Grant program, the County simply seeks to avoid the imposition of a penalty . . . ." (P's Response Brief at 4). But the County's Verified Complaint expressly asks this Court to enter an order "Permitting the County to proceed with its Grant Program's issuance of grants to religious institutions." (Verified Complaint at p.4 ¶ 2). The County is apparently abandoning this request.

Second, the County has not raised a federal question under 42 U.S.C. § 1983 or RLUIPA, 42 U.S.C. § 2000cc, *et seq* because it has not established that FFRF acted under color of state law (again, the Verified Complaint does not even allege this). The County's assertion that FFRF's motion to recover attorneys' fees after prevailing in a civil rights case is "fairly attributable to the [S]tate" is absurd. (*See* P's Response Brief at 7–8). If asking a state court for relief is an action under color of state law for purposes of § 1983, then every state court plaintiff would be

acting under color of state law. This is obviously wrong, and none of the case law the County cites supports such a drastic reversal of the meaning of state action.

Third, the County lacks a cognizable injury giving rise to standing to bring this case in federal court. Although the County has alleged an obligation to pay FFRF's attorneys' fees, and thinks that it should not have been given this obligation because it thinks the New Jersey Supreme Court should have ruled in the County's favor on an affirmative defense based on the First Amendment, this does not mean that the impending cost creates a cognizable injury under federal law. Despite the County's attempts to recharacterize New Jersey's fee-shifting civil rights statute as a "penalty" or a "tax on the County" (P's Brief Response Brief at 9), it is neither. Rather, the State of New Jersey has decided that counties that defend losing civil rights lawsuits must reimburse the prevailing party for their attorneys' fees. This reimbursement is a cost, but it is not a cognizable injury for purposes of any federal statute. By failing to allege any facts in its Verified Complaint to the contrary, the County failed to meet its burden of establishing standing.

## III.    Morris County's underlying claims are substantively meritless.

Even if this Court has subject matter jurisdiction,  the County's arguments are entirely frivolous on the merits and the Court should grant FFRF's Motion to Dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6).

4

First, collateral estoppel bars the County's only substantive argument. As the County notes, collateral estoppel forecloses litigation of any issue that (1) is identical to the issue decided by the prior proceeding; (2) was actually litigated in that proceeding; (3) the court there issued a final judgment on the merits; and (4) the determination of the issue was essential to the prior judgment. *Fitzgerald v. Shore Mem. Hosp.*, 92 F. Supp. 3d 214, 225–26 (D.N.J. 2015) (*citing Seborowski v. Pittsburgh Press Co.*, 188 F.3d 163, 169 (3d. Cir. 1999)).

The County's Verified Complaint makes clear is that its only argument is that it "faces the imposition of substantial counsel fees based upon the erroneous decision of the New Jersey Supreme Court" (Verified Comp. at ¶ 14), and the County asks this Court to reconsider the County's argument based on *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012 (2017), which the New Jersey Supreme Court discussed at length and unanimously rejected. *Freedom From Religion Found. V. Morris Cty. Bd. of Chosen Freeholders*, 181 A.3d 992, 1000–01; 1003–12 (N.J. 2018). Regardless of the County's nonsensical reframing of its claim into a tax offending the County's religious liberty rights, the underlying substantive *issue* — whether New Jersey's prohibition on forcing taxpayers to repair houses of worship violates *Trinity Lutheran* — is barred by collateral estoppel because it (1) is identical to the issue decided by the New Jersey Supreme Court; (2) was actually litigated in that proceeding; (3) the New Jersey

5

Supreme Court issued a final judgment on the merits of this issue; and (4) the determination of the *Trinity Lutheran* issue was essential to the judgment regarding Morris County's grant program. The County is thus barred from relitigating its *Trinity Lutheran* argument in federal court.

Second, Morris County cannot make a straight-faced argument that FFRF is violating the County's constitutional rights under color of state law. As discussed above, bringing an action in state court is not the same as acting under "color of state law." Asking a state court to enforce a fee shifting civil rights statute against a municipal body is quintessential "merely private conduct" (*see Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)), since the point of civil rights statutes is for private actors to hold the government accountable for constitutional violations.  It is entirely backwards for the County to try to flip the script and argue that a nonprofit litigating a state court civil rights action is acting under color of state law in violation of the County's constitutional rights. This case is notably different from those cited by the County, such as *Shelley v. Kraemer*, 334 U.S. 1 (1948), where a federal court intervened to stop a private party from using state courts to enforce a facially unconstitutional private contract. The County does not argue that New Jersey's fee shifting civil rights statute is unconstitutional, but rather that it is being applied to an underlying judgment that the County disagrees with.

Even more importantly, the County does not have religious liberty rights under the First Amendment. To the contrary, the First Amendment's Establishment Clause requires that the County remain entirely secular. The County cited to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) to argue that the County is a "person" for purposes of § 1983, which is correct but only insofar as the County is a *state actor* that may be *sued* under § 1983, not a "person" who may *bring* a § 1983 action. *Monell* involved government employees suing local governmental bodies. 42 U.S.C. § 1983 is admittedly confusing because it prohibits any "person" acting under color state law from violating the rights of any "person within the jurisdiction thereof," but the simple fact is that the County has not pointed to any case law supporting its ethereal claim that FFRF has violated the County's constitutional rights. The County's Verified Complaint does not even come close to connecting FFRF's recovery of attorneys' fees to a violation of any established constitutional right of the County.

Third, the Full Faith and Credit Clause (Art. IV Sec. 1) and the full faith and credit statute, 28 U.S.C. § 1738, require dismissal. The County's only response was to say that the County's claim is "wholly different from the prior state action" (P's Response Brief at 16), which is shown to be false by the County's Verified Complaint (at ¶ 14, alleging an injury "based upon the erroneous decision of the New Jersey Supreme Court"). This Court is required to apply any preclusive effect

7

that a New Jersey state court would. The County noted that it "cannot seek relief in the state courts because of the prior adjudications." (P's Response Brief at 9). As this Court is required to apply the same preclusive effects as the state court, the County has essentially admitted that it cannot seek relief in this Court because of the prior adjudications.

Fourth, the County's Verified Complaint requests a stay of state court proceedings without statutory authorization. The County notes that § 1983 actions are treated as an expressed authorization to stay state court proceedings (P's Response Brief at 16), but neither § 1983 nor any other statute is mentioned in the Verified Complaint.

## CONCLUSION

Morris County's Verified Complaint is facially deficient in multiple ways, warranting dismissal. Even if these defects were corrected, the County is seeking nothing more than for this Court to review the New Jersey Supreme Court's decision to reject the County's First Amendment argument, disagree with that decision, and effectively reverse that decision by permitting the County to resume aspects of its grant program that the New Jersey Supreme Court struck down and enjoining FFRF from recovering attorneys' fees. This appeal-by-another-name is exactly what is barred by the *Rooker-Feldman* doctrine, as well as collateral

estoppel. The Court thus lacks subject matter jurisdiction and should dismiss the Verified Complaint.

Dated: May 28, 2019                         s/ *Paul S. Grosswald*

_____

**PAUL S. GROSSWALD**
**Attorney for Defendants,**
    **FFRF & David Steketee**

## CERTIFICATION OF SERVICE

This is to certify that on May 28, 2019, a copy of the foregoing Defendants' Reply Brief in further support of their Motion to Dismiss was filed electronically through this Court's CM/ECF system.  Notice of this filing will be sent by e-mail to all parties, through their attorneys listed below, by operation of the Court's CM/ECF system.  Parties may access this filing through the Court's CM/ECF System.

**SCHENCK, PRICE, SMITH & KING, LLP**
John M. Bowens, Esq.
220 Park Avenue
P.O. Box 991
Florham Park, NJ 07932-0991
(973) 539-1000
JMB@spsk.com
**Attorneys for Plaintiff,**
    **Morris County Board of Chosen Freeholders**


Dated: May 28, 2019                         *s/ Paul S. Grosswald*
                                            _____
                                            **PAUL S. GROSSWALD**
                                            13 Irving Place, Suite 1
                                            Summit, NJ 07901
                                            Phone: 917-753-7007
                                            Fax: 212-671-1321
                                            pgrosswald@hotmail.com
                                            **Attorney for Defendants,**
                                                **FFRF & David Steketee**

10