John M. Bowens, Esq.
**SCHENCK, PRICE, SMITH & KING, LLP**
220 Park Avenue, P.O. Box 991
Florham Park, New Jersey 07932-0991
(973) 539-1000
Attorneys for Plaintiff,
Morris County Board of Chosen Freeholders

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MORRIS COUNTY BOARD OF CHOSEN FREEHOLDERS | CASE NO.: 2:19-cv-09776 |
| Plaintiff, | |
| v. | |
| FREEDOM FROM RELIGION FOUNDATION and DAVID STEKETEE, | |
| Defendants. | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF COURT'S ORDER TO SHOW CAUSE AND DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS**

**SCHENCK, PRICE, SMITH & KING, LLP**
John M. Bowens, Esq.
220 Park Avenue
Florham Park, NJ  07932
*Attorneys for Plaintiff*
*Morris County Board of Chosen Freeholders*

*On the Brief:*      *John M. Bowens, Esq. (JMB 2717)*

{02128334;1 /RJR }

**Page**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................... ii

PRELIMINARY STATEMENT ................................................................ 1

LEGAL ARGUMENT ............................................................................... 2

   POINT I ...................................................................................................... 2

     THE COUNTY HAS SHOWN THAT IT IS ENTITLED TO
     TEMPORARY RESTRAINTS. ........................................................ 2

   POINT II ..................................................................................................... 3

     THE ROOKER-FELDMAN DOCTRINE AUTHORIZES THE
     COUNTY TO SEEK RELIEF FROM FEDERAL COURT ............... 3

   POINT III ................................................................................................... 5

     THE DEFENDANT HAS FAILED TO ESTABLISH A LEGAL OR
     FACTUAL BASIS FOR SANCTIONS AGAINST THE COUNTY. ...... 5

       A.  The Federal Rules do not preclude the County from seeking
           relief. ................................................................................................ 5

       B.  The County is entitled to seek relief under both 42 U.S.C. § 1983
           and RLUIPA. ................................................................................... 7

       C.  The Defendant mischaracterizes statements from the Complaint
           in attempt to create false claims. ................................................. 10

       D.  The request for sanctions is not appropriate. ......................... 11

   CONCLUSION ......................................................................................... 11

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Cases**

<u>Blum v. Yaretsky</u>, 457 U.S. 991, 1002 (1982) ...........................................................7

<u>Carroll v. Rochford</u>, 123 Fed. App'x 456 (3d Cir. 2005)...........................................4

<u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 393 (1990) ...................................5

<u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983) ................................. 3, 4, 5

<u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 292 (2005) ...........4

<u>Fitzgerald v. Shore Mem. Hosp.</u>, 92 F. Supp. 3d 214, 225-26 (D.N.J. 2015) ...........................................................................................................6

<u>FOCUS v. Allegheny Cty. Court of Common Pleas</u>, 75 F.3d 834, 840 (3d Cir. 1996) ..............................................................................................................3

<u>Georgia v. Evans</u>, 316 U.S. 159, 160-163 (1942)......................................................9

<u>Gresham Park Community Organization v. Howell</u>, 652 F.2d 1227, 1229 (5th Cir. 1981)..............................................................................................8

<u>Inyo County v. Paiute-Shoshone Indians</u>, 538 U.S. 701, 708-12 (2003) .................9

<u>Lugar v. Edmonson Oil Co.</u>, 457 U.S. 922, 937 (1982) ............................................7

<u>Mitchum v. Foster</u>, 407 U.S. 225 (1972) ..................................................................2

<u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978)................................................8

<u>New Jersey-Philadelphia Presbytery of Bible Presbyterian Church v. New Jersey State Board of Higher Education</u>, 482 F. Supp. 968 (D.N.J. 1980) ...........9

<u>New York Times v. Sullivan</u>, 376 U.S. 254, 265 (1964) ..........................................8

<u>Pfizer Inc. v. Government of India</u>, 434 U.S. 308 (1978) ........................................9

<u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923) ........................................ 3, 4, 5

<u>Shelley v. Kraemer</u>, 334 U.S. 1, 13-14 (1948) .........................................................7

Skokomish Indian Tribe v. United States, 410 F.3d 506 (9th Cir. 2005)..................9

Trinity Lutheran Church of Columbia, Inc. v. Comer, 137 S. Ct. 2012
    (2017) ........................................................................................................6

Younger v. Harris, 401 U.S. 37 (1971)...................................................................2

**Statutes**

N.J.S.A. 10:6-2(f)....................................................................................................5

**Rules**

Fed. R. Civ. P. 11 ...................................................................................................6

## PRELIMINARY STATEMENT

Unable to articulate a single argument in response to the County's opposition to its motion to dismiss and implicitly acknowledging the deficits in its brief and motion for sanctions, the Defendants are reduced to parroting the same argument over and over to the point of desperation.  Rather than offer a meaningful opposition, the Defendants quibble over word choice used in the Complaint in an effort to recast it as "false" as if that designation could somehow distract the Court from its lack of legal basis.  Emblematic of this tactic is the Defendants' discussion of the County's disagreement with the purpose of the Freedom from Religion Foundation and even the Defendants admit, "[we] understand if this Court does not think it rises to the level of false."

The Defendants' claim is that the County should not be able to seek relief in federal court and should be sanctioned because it already litigated a claim with the Defendants in state court.  Initially, the Defendants offer no cogent analysis of how the County's separate federal action could be precluded.  A basic analysis of the principles of *res judicata* provides the four corners of entitlement to federal jurisdiction.

At no point in its brief or motion for sanctions do the Defendants offer a relevant legal argument even remotely evidencing the County's violation of the court

rules.  Instead they inundate the Court with a conclusory repetition of the same argument.

The record is clear that the Defendants, for whatever reason, believe that if they feel slighted, they are entitled to sanctions against the offender.  The Defendants' briefs demonstrate that their arguments stem from self-righteousness without even a tangential relationship to the law.  Meanwhile, the County has articulated a veritable cause of action.  Thus, County requests that the Court grant the relief sought in the complaint and deny the Defendants' motions.

## LEGAL ARGUMENT

### POINT I

### THE COUNTY HAS SHOWN THAT IT IS ENTITLED TO TEMPORARY RESTRAINTS.

In their brief in support of the court's order to show cause the Defendants merely cite to the Court's letter order to tell the Court that the County's request for temporary restraints should be denied.  However, the Defendants simply miss the issue of why the County should not be entitled to relief which is clearly authorized by statute.

The Defendants argue for the incongruous conclusion that the County may not seek an injunction while it litigates its Section 1983 claim.  But in Mitchum v. Foster, 407 U.S. 225 (1972), the court held that Section 1983 actions are within the exception to the holding in Younger v. Harris, 401 U.S. 37 (1971), that injunctive

relief in civil rights cases must be "expressly authorized by Act of Congress".  Such an argument is inapposite to clearly defined law.

## POINT II

### THE ROOKER-FELDMAN DOCTRINE AUTHORIZES THE COUNTY TO SEEK RELIEF FROM FEDERAL COURT.

The Rooker-Feldman Doctrine provides that "federal courts possess no power whatever to sit in direct review of state court decisions." D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); see Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  In its brief, the Defendants list a litany of cases without even a passing attempt to connect them to the issues here, merely insisting that the County is appealing the state case.  The Defendants simply ignore the County's allegation that it is being penalized in violation of the federal constitution.

The Defendants do not even make an effort to reconcile this allegation with the platitudes it quotes regarding the inability to appeal state decisions.  The County has made clear that its federal claims are disparate from those raised in the state case and the Rooker-Feldman Doctrine provides that the County can bring its federal claims.

Relying on FOCUS v. Allegheny Cty. Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996), the Defendants ask this Court to manufacture a totally unwarranted expansion of the Rooker-Feldman Doctrine by characterizing the

County's claim as "effectively revers[ing] the state decision." In FOCUS, the court found that the "Rooker-Feldman Doctrine applies only when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." Id. The County is not asking the court to find that the original state court decision was erroneous but rather that the imposition of debilitating attorney's fees based on the County's compliance with a voter-approved program violates the federal constitution. Such a finding would not render the state court decision in error. Indeed, the County would remain bound by the state decision and incapable of conducting the grant program as originally intended.

Recognizing that the decision in Carroll v. Rochford, 123 Fed. App'x 456 (3d Cir. 2005), held that a federal action is not "inextricably intertwined" where the plaintiff never before raised a federal claim and it was never adjudicated, the Defendants ask this court to find that the County's federal claim is indistinguishable from the state case because it raised constitutional issues in the original litigation. Putting aside the logical shortcomings of such a theory, what the Defendants seek to do is to have this Court find that all constitutional issues are the same.

In Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005), the Supreme Court expounded on this concept, stating:

> [N]either Rooker nor Feldman supports the notion that
> properly invoked concurrent jurisdiction vanishes if a

4

> *state court reaches the judgment on the same or related question while the case remains <u>sub judice</u> in a federal court . . . If a federal plaintiff **present[s] some independent claim**, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.*

[<u>Id.</u> at 292.]  (Emphasis added.)

The Court makes clear that the <u>Rooker-Feldman</u> Doctrine does not apply where a party has presented a wholly independent claim.  The Defendants' brief is silent as to the federal constitutional issues the County has raised.  Their brief fails to provide a single fact that would imply that the federal issues here are not distinct from the state-court adjudication.  The Defendants' reference to the propriety of the fee-shifting portion of the New Jersey Civil Rights Act, <u>N.J.S.A.</u> 10:6-2(f) provides no enlightenment as to the dissimilar nature of the County's past and present claims.  The most strenuous reading of the County's claims provides no flesh to the Defendants' argument that the County is appealing to the federal court.

## <u>POINT III</u>

### THE DEFENDANT HAS FAILED TO ESTABLISH A LEGAL OR FACTUAL BASIS FOR SANCTIONS AGAINST THE COUNTY.

#### A.     The Federal Rules do not preclude the County from seeking relief.

Congress did not intend for parties to be held liable for sanctions absent a "baseless filing . . . interposed for [an] improper purpose."  <u>Cooter & Gell v.</u>

Hartmarx Corp., 496 U.S. 384, 393 (1990).  Moreover, a party cannot be issued sanctions *solely* because it employs arguments that frustrate the other side's position—or, in other words, a party cannot be issued sanctions under Fed. R. Civ. P. 11 for making arguments which the other side merely disagrees with.  Id. at 396 ("[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires a determination of a collateral issue: whether the attorney has abused the judicial process.")

The Defendants cite to a sentence in the County's complaint which states that "the New Jersey Supreme Court . . . erroneously ruled that its Grant Program was unconstitutional", as the sole basis for their position that the County is attempting to overturn the decision of the state court.  (Defendant's Motion for Sanctions at p. 4.) Although the County believes that the decision was erroneous, See, Trinity Lutheran Church of Columbia, Inc. v. Comer, 137 S. Ct. 2012 (2017), it remains bound by it.

To establish that issue preclusion applies, the party asserting this bar must show that (1) the issue to be precluded is identical to the issue decided by the prior proceeding; (2) the issue was actually litigated in that proceeding; (3) the court there issued a final judgment on the merits; and (4) the determination of the issue was essential to the prior judgment.  Fitzgerald v. Shore Mem. Hosp., 92 F. Supp. 3d 214, 225-26 (D.N.J. 2015)).

While the Defendants repeatedly state that the County's present case is premised on the state court's finding, they provide no support for this contention. As a matter of law issue preclusion does not bar this lawsuit, and there are no grounds for sanctions.

**B.     The County is entitled to seek relief under both 42 U.S.C. § 1983 and RLUIPA.**

The substance of Defendants' motion for sanctions is that the County cannot bring Section 1983 and RLUIPA claims against them based on their status as private actors.  To succeed on this theory, however, the Defendants must show that their actions are excluded under Section 1983 as "merely private conduct".  Blum v. Yaretsky, 457 U.S. 991, 1002 (1982) (holding that liability under Section 1983 may attach to a private actor if the challenged conduct is "fairly attributable to the [S]tate"); Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982).

The Defendants' speculative assertions fall well short of the insurmountable evidence indicating that their actions are attributable to the State.  The Defendants' purpose is to have the State punish the County for engaging in Constitutionally protected conduct via the imposition of fees, so-called "private conduct" that would have an immensely public effect.  Nowhere in the record is there even a suggestion that this action cannot be ascribed as state action.

Meanwhile, the Court has recognized that state action exists when purely private litigation resulted in a state court judgment that was subject to immediate

enforcement by the state.  See, e.g., Shelley v. Kraemer, 334 U.S. 1, 13-14 (1948) (holding that state enforcement of a private discriminatory contract violated the Fourteenth Amendment); New York Times v. Sullivan, 376 U.S. 254, 265 (1964) (the exercise of state power was found in the private application by Alabama state rule of law that allegedly violated constitutional freedoms of speech and press).  Courts have found it to be particularly availing that a private actor is acting under color of state law once a state court has "placed its weight behind a position adverse to the federal plaintiff's federal right" in the form of an enforceable state court judgment.  Gresham Park Community Organization v. Howell, 652 F.2d 1227, 1229 (5th Cir. 1981).

Here, the Defendants have done nothing from which a court could conclude that their actions are "merely private conduct" and excluded from review by federal courts because they go no further than to conclude that they are not state actors.  The Defendants' theory that they are exempt from liability under Section 1983 and RLUIPA finds no basis in fact.  Accordingly, the County's claim should go forward and the motion for sanctions should be dismissed.

Following in the same conclusory fashion, Defendants state that the County is a "sovereign" and as such cannot bring a Section 1983 or RLUIPA claim.  But the Court has found that a county or municipality is intended to be considered as a person under the statute.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), which

provides, "[o]ur analysis of the legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies." Defendants have identified a line of case law in which Section 1983 does preclude a "sovereign" from suing, but this case law only referred to foreign nations and Indian tribes. See Inyo County v. Paiute-Shoshone Indians, 538 U.S. 701, 708-12 (2003); Skokomish Indian Tribe v. United States, 410 F.3d 506 (9th Cir. 2005).

In addition, the Court has recognized that even a "sovereign" may assert claims under Section 1983 where the nature of its claim qualifies it as a 'person' entitled to redress. Inyo County, 538 U.S. at 711; Georgia v. Evans, 316 U.S. 159, 160-163 (1942); Pfizer Inc. v. Government of India, 434 U.S. 308 (1978). In Pfizer Inc., the Court held that a foreign nation, as a purchaser of antibiotics, ranked as a "person" qualified to sue pharmaceuticals manufacturers under U.S. antitrust laws. Id.

Defendants proceed to assert that the County has no First Amendment rights under which it may sue, but this assertion is based on Defendants' unsupported opinion that the County is not a "person" under Section 1983. The County has established that it does qualify as a person under the statute, such that liability under Section 1983 may be predicated on a theory of a First Amendment violation. In New Jersey-Philadelphia Presbytery of Bible Presbyterian Church v. New Jersey State

Board of Higher Education, 482 F. Supp. 968 (D.N.J. 1980), the court found that the freedom of religion under the First Amendment was exactly the type of right that Section 1983 was intended to protect, issuing an injunction following a Supreme Court action that forbid a religious school from teaching.

The Defendants are simply unable to demonstrate that the County cannot proceed with its Section 1983 and RLUIPA claims, and they do not even attempt to explain how sanctions are merited. Accordingly, the County should be able to pursue its claims in federal court and the motion for sanctions should be dismissed.

### C.     The Defendant mischaracterizes statements from the Complaint in attempt to create false claims.

With respect to the County's statements that they hold up as "false" Defendants, recognizing the inevitable, concede that they "understand if this Court does not think it rises to the level of false". Defendant's motion for sanctions at p. 10.

Beyond that, Defendants endeavor to create some vitality to their motion for sanctions by mischaracterizing statements from the Complaint. For example, Defendants argue that "the complaint Bowens signed misleads this Court by suggesting that the New Jersey Supreme Court merely 'made reference to the decision in *Trinity Lutheran*'". Defendant's motion for sanctions at p. 4. But the County accurately stated in its Complaint that "the Court made reference to the decision in *Trinity Lutheran* . . . [but] held that a provision of the New Jersey

Constitution which predates the United States Constitution was controlling." Verified Complaint at paragraph 10. Plaintiff's attempt to change the nature of the County's statements is the only thing in the pleadings that can be branded as deceptive.

**D.     The request for sanctions is not appropriate.**

The Defendants cite to unreported decisions for the out-of-context proposition that "an attempt to relitigate a final case warrants sanctions" and the "filings are wholly without merit". Defendant's motion for sanctions at p. 11. Defendants do not parse the legal authority cited by the County that is entitled to pursue its Section 1983 and RLUIPA claims. The Defendants, therefore, continue to rely on the arguments set forth in their initial response and improperly request that this Court issue sanctions against the County.

## <u>CONCLUSION</u>

Accordingly, the County respectfully requests that this Court grant the relief set forth in Plaintiff's Order to Show Cause and dismiss the Defendant's motions.

Dated:  June 4, 2019

By: <u>/s/ John M. Bowens          </u>
John M. Bowens, Esq. (JMB 2717)
**SCHENCK, PRICE, SMITH & KING, LLP**
220 Park Avenue
Florham Park, NJ  07932
*Attorneys for Plaintiff*
*Morris County Board of Chosen Freeholders*

{02128334;1 /RJR }                                          11