UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MORRIS COUNTY BOARD OF CHOSEN FREEHOLDERS,<br><br>Plaintiff,<br><br>– against –<br><br>FREEDOM FROM RELIGION FOUNDATION and DAVID STEKETEE,<br><br>Defendants. | No. 2:19-cv-09776 (MCA)(MAH)<br><br>Civil Action<br><br>**RETURN DATE:**<br>**July 1, 2019**<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SANCTIONS**

*On the Brief*:

**PAUL S. GROSSWALD, ESQ.**
13 Irving Place, Ste. 1
Summit, NJ 07901
(917) 753-7007
Fax: (212) 671-1321
pgrosswald@hotmail.com

**FREEDOM FROM RELIGION FOUNDATION**
Andrew L. Seidel, Esq. (*pro hac vice*)
Ryan D. Jayne, Esq. (*pro hac vice*)
P.O. Box 750
Madison, WI 53701
(608) 256-8900
aseidel@ffrf.org / rjayne@ffrf.org

**Attorneys for Defendants,
        FFRF & David Steketee**

*Submitted*:  June 24, 2019

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ..................................................................................... i

**TABLE OF AUTHORITIES** ............................................................................ ii

**PRELIMINARY STATEMENT** ....................................................................... 1

**ARGUMENT** ........................................................................................................ 2

    I.   **Mr. Bowens filed this suit to delay a state court proceeding and harass Defendants.** ............................................................................. 2

    II.  **The present action is frivolous.** ................................................................ 3

    III. **Mr. Bowens made knowingly false statements to the Court and failed to correct them when given the chance.** ....................................... 5

**CONCLUSION** ..................................................................................................... 5

ii

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).................................................................................... 4

*Bell Atlantic v. Twombly*,
550 U.S. 544 (2007).................................................................................... 4

## PRELIMINARY STATEMENT

This lawsuit is fundamentally flawed, inexplicably so for a former Civil Procedure professor and a practitioner with 45 years of experience. The Verified Complaint, which was filed in the docket not first, but third, failed to include even basic elements, such as a jurisdictional statement and at least one cause of action. However, the inexplicable becomes comprehensible if this suit is viewed not as a serious attempt to vindicate rights, but as a tactic meant to harass and delay.

Opposing counsel Mr. Bowens is violating Rule 11 by abusing the federal court system by making and failing to correct knowingly false statements, pursuing an action that is frivolous on multiple grounds, and filing and dragging out an action to delay a fee award in a state court proceeding.[1] The Court should impose sanctions necessary to deter similar conduct in the future.

---

[1] The County chose to combine its sanctions response and its show cause reply. (Pl.'s Br. in Opp. to Defs.' Mem. of Law in Support of Court's Order to Show Cause and Defs.' Mem. of Law in Support of Motion for Sanctions, hereinafter "Combined Brief", ECF 17.) The instant Defendants' brief is only a reply regarding the Motion for Sanctions and therefore cannot address the show cause arguments raised in the County's brief—most of which are significantly different, though no more legally correct, than the County's previous briefs—except as needed to demonstrate that sanctions are appropriate.

1

# ARGUMENT

## I. Mr. Bowens filed this suit to delay a state court proceeding and harass Defendants.

Mr. Bowens did not deny that the purpose of this action is to delay the state court from enforcing a fee-shifting statute against the County. Filing such a suit violates Rule 11(b)(1). Mr. Bowens' handling of the case strongly supports the conclusion that this lawsuit is but a dilatory tactic. The defects in the Verified Complaint illustrate a basic disregard for the future success of the suit. Instead, opposing counsel appears committed to drawing out this case as long as possible, while doing little to correct those defects. Mr. Bowens also continues to make repeated requests for temporary restraints that would delay the state court fee award further, even though this Court denied that relief more than two months ago (Letter Order, Apr. 16, 2019, ECF 4). Federal courts do not exist to postpone the consequences of a state court loss, and this Court should not tolerate such behavior from an experienced litigator like Mr. Bowens.

In addition to delaying reimbursement for legal fees incurred as far back as 2015, Mr. Bowens has misrepresented FFRF and its purpose to the Court, stating that FFRF is "dedicated to the eradication of religious freedom under the First Amendment" (Verif. Comp. at ¶ 2, ECF 1-2), which Mr. Bowens knows is inflammatory and false. This suggests a further motivation for filing this meritless

2

action: to harass and disparage FFRF. This, too, violates Rule 11(b)(1) and warrants sanctions.

## II. The present action is frivolous.

As detailed in previous briefing, the County's case is meritless on multiple levels, including due to:

- the Rooker-Feldman doctrine;
- collateral estoppel/issue preclusion;
- the Full Faith and Credit Clause of the United States Constitution;
- 28 U.S.C. §1738 (the full faith and credit statute);
- the Complaint's lack of a jurisdictional statement; and
- the Complaint's lack of a cause of action.

Even after being shown these fatal infirmities, Mr. Bowens fails to correct them. Instead, he continues to make disingenuous arguments that violate Rule 11(b)(2). To give just one example, Mr. Bowens initially stated in the Complaint only that the County "faces the imposition of substantial counsel fees based upon the erroneous decision of the New Jersey Supreme Court." (Verif. Comp. at ¶ 14, ECF 1-2.) As this Court and the Defendants pointed out, that is not grounds for relief in a federal court, even if it had been a stated cause of action in the Complaint. Mr. Bowens later argued that paying attorneys' fees would violate the County's rights under the Fifth and Fourteenth Amendments. (Pl.'s Br. in Support

of Order to Show Cause and Temporary Restraints at 5, ECF 1-1.) In the next brief, Mr. Bowens shifted again to claim that its case was based on the First Amendment's religious liberty protections. (Pl.'s Combined Br. at 9–10, ECF 17.). But neither of these arguments are supported by a cause of action in the Verified Complaint, warranting its dismissal.

Even if the Complaint had articulated a cause of action under the First Amendment, and if one could ignore the other procedural and jurisdictional issues, Mr. Bowens never even attempts to show how the fee-shifting statute might violate the County's religious liberty rights. Nor does Mr. Bowens show how a County, prohibited from establishing a religion under the First Amendment, has Free Exercise rights in the first place. There is simply no rational argument for the County to make here, as Mr. Bowens' silence on the point suggests. Even if this Complaint were perfect under the Iqbal and Twombly standards and had argued that the County's free exercise of religion is burdened as its cause of action, it would still be frivolous. See *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (holding that a civil complaint must state plausible factual allegations that show the plaintiff is entitled to relief under the complaint's cause of action).

4

### III. **Mr. Bowens made knowingly false statements to the Court and failed to correct them when given the chance.**

FFRF's Motion for Sanctions alleged three false statements in Mr. Bowens' Verified Complaint. Mr. Bowens' primary defense of his statements is to point at FFRF's acknowledgement that the Court may not think that Mr. Bowens' misstatement of FFRF's purpose "rises to the level of false." (Pl.'s Combined Br. at 10, ECF 17.). It is false and it is harassing. Our "understanding" that the Court may decide not to label it as such is an example of candor to the Court that Mr. Bowens would do well to emulate, and only referred to Mr. Bowens' statement regarding FFRF's purpose. The simple fact is that Mr. Bowens' Verified Complaint includes one outright lie and two deceptively misleading statements, including on issues that appear central to his argument. This is not candor to the tribunal. Mr. Bowens' refusal to correct these misstatements underscores the need for sanctions to deter future misconduct.

### CONCLUSION

It is understandable that Mr. Bowens wants to buy his client time before it has to pay an expense that it has not budgeted for, but filing a frivolous federal lawsuit is not an acceptable tactic toward that end. Even when confronted with his Verified Complaints' many fundamental problems and notice of a motion for sanctions, Mr. Bowens took no corrective action. The Court should dismiss the

5

complaint and impose significant sanctions on Mr. Bowens for his violations of Rule 11 (b) (1), (2), and (3).

Dated: June 24, 2019     ATTORNEYS FOR FFRF & DAVID STEKETEE

*s/ Paul S. Grosswald*
PAUL S. GROSSWALD, ESQ.

*s/ Andrew L. Seidel*
ANDREW L. SEIDEL, ESQ. (*Pro Hac Vice*)

*s/ Ryan D. Jayne*
RYAN D. JAYNE, ESQ. (*Pro Hac Vice*)