# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>MADELINE COX ARLEO<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST. ROOM 4066<br>NEWARK, NJ 07101<br>973-297-4903 |

December 6, 2019

<u>VIA ECF</u>

## <u>LETTER ORDER</u>

Re:     **Morris County Board of Chosen Freeholders v. Freedom From Religion
Foundation, et al.**
<u>Civil Action No. 19-09776</u>

Dear Litigants:

Before the Court is Defendants Freedom From Religion Foundation's ("FFRF") and David
Steketee's ("Steketee" or, collectively, "Defendants") Motion to Dismiss, ECF No. 7, Plaintiff
Morris County Board of Chosen Freeholders' ("the County" or "Plaintiff") Complaint and Motion
for Order to Show Cause, ECF No. 1. Defendants have also filed a Motion for Sanctions pursuant
to Federal Rule of Civil Procedure 11. ECF No. 14. For the reasons explained below, the Motion
to Dismiss is **GRANTED**, and the Motion for Sanctions is **DENIED**.

## I.   BACKGROUND

This matter involves a dispute between the parties litigated in the New Jersey state courts
regarding a County program which provided grants to non-profit organizations that owned
property listed in the federal or state registry of historic buildings (the "Grant Program"). On
December 1, 2015, FFRF filed a lawsuit against the County in the Superior Court of Somerset
County, seeking to enjoin the County from providing funds to religious institutions through the
Grant Program. Compl. ¶ 5, ECF No. 1.2. Ultimately, the New Jersey Supreme Court held that
the grants to religious institutions ran afoul of the Religious Aid Clause of the New Jersey
Constitution. Id. ¶ 10; see also Freedom From Religion Found. v. Morris Cty. Bd. of Chosen
Freeholders, 181 A.3d 992 (N.J. 2018). The United States Supreme Court denied certiorari on
March 4, 2019. Compl. ¶ 11.[1] On March 27, 2019, FFRF filed a motion in the Law Division of
the Superior Court for Somerset County, seeking to reopen its original complaint and award of
$750,000 in attorneys' fees as a prevailing party. Id. ¶ 12.

---

[1] The County alleges that three Justices dissented from the denial of certiorari. Compl. ¶ 11. This mischaracterizes
the case's disposition. Three Justices filed a statement <u>respecting</u> the denial of certiorari, which explained why denial
was appropriate. See Morris Cty. Bd. of Chosen Freeholders v. Freedom From Religion Found., 139 S. Ct. 909 (2019)
(statement of Justice Kavanaugh, joined by Justices Alito and Gorsuch).

The County filed this suit on April 12, 2019, asking the Court to enjoin the state litigation for attorneys' fees and to enter an order permitting the County to disburse funds to religious institutions under the Grant Program.  Id.  On April 16, 2019, this Court denied the County's motion for a temporary restraining order, which requested the same relief.  See ECF No. 4.

Defendants filed the instant Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1), (6), and (7) for lack of subject matter jurisdiction, failure to state a claim, and failure to join the proper party.  ECF No. 7.  Defendants also filed a Motion for Sanctions under Rule 11, arguing that the County's Complaint was frivolous.  ECF No. 14.  Defendants certified that they complied with Rule 11(c) by serving the Motion for Sanctions on the County's attorney and providing the County with 21 days to withdraw its Complaint.  See Certification of Paul S. Grosswald, ECF No. 14.3.

## II. MOTION TO DISMISS

### A. Legal Standard

On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court must determine whether the movant asserts that the face of the complaint demonstrates a lack of subject matter jurisdiction – a "facial" attack – or whether the movant disputes the facts as alleged in the complaint – a "factual" attack.  See Constitution Party of Pa. v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014).  A facial attack requires the Court to apply the same standard as it would use under Federal Rule of Civil Procedure 12(b)(6).  Id. at 358.

In considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the non-moving party. Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  Dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits."  Id.  The facts alleged, however, must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id.  Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### B. Analysis

Defendants argue that this case should be dismissed for lack of subject matter jurisdiction. The Court agrees.

Under the Rooker-Feldman doctrine, federal courts lack subject matter jurisdiction over "cases brought by [1] state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the federal district court proceedings commenced and [4] inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  These elements are squarely met in this case.  The County lost in the New Jersey state courts before filing any claim in federal court, and it now complains about injuries flowing from the final state-court judgment—namely, the potential imposition of $750,000 in

attorneys' fees.  To grant relief in this case, the Court would have to review and reject the judgment of the New Jersey Supreme Court.  The County admits as much in its Complaint, where it laments "the <u>erroneous decision</u> of the New Jersey Supreme Court."  Compl. ¶ 14 (emphasis added).

The County attempts to avoid dismissal under <u>Rooker-Feldman</u> by arguing that its injury here—attorneys' fees—is distinct from the injury at issue in the state court litigation—the constitutionality of the Grant Program.  <u>See</u> Plaintiff's Brief in Opposition to Motion to Dismiss ("Pl. MTD Br.") at 4-7, ECF No. 11.  Such semantic differences are insufficient to overcome the <u>Rooker-Feldman</u> doctrine.  <u>Rooker-Feldman</u> applies where a federal claim is "inextricably intertwined" with a prior state-court decision, meaning that it "succeeds only to the extent that the state court wrongly decided the issues before it" or if "the relief requested in the federal action would effectively reverse the state decision or void its ruling."  <u>FOCUS v. Allegheny Cty. Court of Common Pleas</u>, 75 F.3d 834, 840 (3d Cir. 1996) (quoting <u>Charchenko v. City of Stillwater</u>, 47 F.3d 981, 983 (8th Cir. 1995)).

Here, FFRF is entitled to seek attorneys' fees from the County in New Jersey state court because it prevailed in litigation against the County in those courts.  To enjoin that award of attorneys' fees, this Court would necessarily have to determine that FFRF should not have won the prior litigation—i.e., that the New Jersey state courts were wrong.  Any such decision would clearly "reverse the state decision or void its ruling."  <u>FOCUS</u>, 75 F.3d at 840.  Similarly, this Court would have to void the New Jersey Supreme Court's decision in order to issue an order authorizing the County to disburse funds to religious institutions through the Grant Program.  Any argument for doing so raised by <u>Trinity Lutheran Church of Columbia, Inc. v. Comer</u>, 137 S. Ct. 2012 (2017), <u>see</u> Compl. ¶¶ 10, 13, was already considered and rejected by the New Jersey Supreme Court in the prior litigation.  <u>See</u> 181 A.3d at 1006-13.  Further, the U.S. Supreme Court denied certiorari on the issue, so the New Jersey decision is final.  As such, the <u>Rooker-Feldman</u> doctrine applies, and this Court lacks subject matter jurisdiction over this case.[2]

Because the Court has found that it lacks subject matter jurisdiction, it need not address Defendants' arguments for dismissal under Rules 12(b)(6) and (7).

---

[2] Even if <u>Rooker-Feldman</u> does not apply, the Court agrees with Defendants that the County has failed to allege a basis for subject matter jurisdiction in this case.  The Complaint does not assert a federal question under 42 U.S.C. § 1983 ("Section 1983") or the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc <u>et seq.</u>, because neither of those statutes authorize a government body, acting in its sovereign capacity, to bring a suit against citizens.  <u>See Inyo Cty. v. Paiute-Shoshone Indians</u>, 538 U.S. 701, 712 (2003) ("Section 1983 was design to secure private rights against government encroachment . . . not to advance a sovereign's prerogative");  42 U.S.C. § 2000cc(a) (RLUIPA section providing that "[n]o <u>government</u> shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a <u>person</u>") (emphasis added).  Moreover, Defendants are not considered part of the government as "state actors" because they have not "exercised power possessed by virtue of state law and made possible only because . . . [they are] clothed with the authority of state law," and are thus not subject to liability under either statute.  <u>West v. Atkins</u>, 487 U.S. 42, 49 (1988) (quotation marks and citations omitted).

### III. MOTION FOR SANCTIONS

#### A. Legal Standard

Rule 11 provides for "the imposition of sanctions when a motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." Leuallen v. Borough of Paulsboro, 180 F. Supp. 2d 615, 618 (D.N.J. 2002). The standard for assessing an attorney's conduct is "reasonableness under the circumstances," which is satisfied where the attorney has "an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well grounded in law and fact." Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 289 (3d Cir. 1991). Sanctions are rare, reserved for "the exceptional circumstance where the claim or motion is patently unmeritorious or frivolous." Dura Sys., Inc. v. Rothbury Invs., Ltd., 886 F.2d 551, 556 (3d Cir. 1989) (quotation marks and citations omitted).

#### B. Analysis

Defendants argue that sanctions are proper under Rule 11 because the Complaint is frivolous, inflammatory, and contains several inaccuracies. See Defendants' Brief in Support of Sanctions ("Defs. Sanctions Br."), ECF No. 14.2. While the Court notes these deficiencies, they do not rise to the level of sanctionable conduct.

Rule 11 requires attorneys to certify that filings before the court are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument." Fed. R. Civ. P. 11(b)(1)-(2). When Rule 11(b) is violated, the Court may impose sanctions. Fed. R. Civ. P. 11(c). The Court has discretion, but sanctions are to be ordered "in the rarest instances." In re Moncada NJ Solar 201, LLC, 592 B.R. 779, 798 (D.N.J. 2018).

The County's filings contain several inaccuracies. For example, the Complaint alleges that three Justices dissented from the U.S. Supreme Court's denial of certiorari. Compl. ¶ 11. As already discussed, this is not correct. See supra n. 1. Similarly, the Complaint suggests that the New Jersey Supreme Court failed to adequately consider the County's arguments under Trinity Lutheran. See Compl. ¶ 10 (stating New Jersey Supreme Court merely "made reference" to Trinity Lutheran in its decision). In reality, New Jersey's highest court thoroughly considered the County's arguments under Trinity Lutheran. See Freedom From Religion Found., 181 A.3d at 1006-13. Additionally, the Complaint fails to plead a basis for federal jurisdiction. See Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction"). Plaintiff's briefing attempts to remedy this by referencing Section 1983 and RLUIPA, see Plaintiff's Brief in Support of Order to Show Cause and Temporary Restraints ("Pl. TRO Br.") at 7, ECF No. 1.1; Pl. MTD Br. at 11-15, yet fails to identify any reason why the County—as an arm of the government—is a proper plaintiff under those statutes, see supra n. 2.

4

Despite these flaws, the County's Complaint was not devoid of merit as to warrant sanctions.  The Complaint seeks two separate forms of relief stemming from the New Jersey Supreme Court's decision: (1) an injunction preventing Defendants "from seeking counsel fees from the County" in state court and (2) an order "[p]ermitting the County to proceed with the Grant Program's issuance of grants to religious institutions."  Compl. at 3-4.  Because the Complaint as pled and the relief sought is a collateral challenge of the New Jersey Supreme Court's decision, the Motion to Dismiss is granted.  See supra.  However, this narrow Rooker-Feldman ruling should not be construed as a bar to a newly framed inquiry into the validity of the Grant Program under the Religion Clauses of the U.S. Constitution.  Indeed, the broader issue of whether a government program like the Grant Program violates the Religion Clauses remains an open question.  See Morris Cty. Board of Chosen Freeholders, 139 S. Ct. at 911 ("At some point, [the U.S. Supreme] Court will need to decide whether governments that distribute historic preservation funds may deny funds to religious organizations simply because the organizations are religious.").[3]  The Court finds that the County's attempt to raise that issue in federal court in this lawsuit is not so frivolous as to be sanctionable.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss, ECF No. 7, is **GRANTED**, Defendants' Motion for Sanctions, ECF No. 14, is **DENIED**, and this case is hereby **DISMISSED**.

**SO ORDERED.**

*/s Madeline Cox Arleo*_____
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

---

[3] While, as noted above, the New Jersey Supreme Court addressed these issues in the prior litigation, the U.S. Supreme Court "is the final arbiter" on the U.S. Constitution, New York v. Ferber, 458 U.S. 747, 767 (1982), and any provision of a State Constitution which conflicts with the U.S. Constitution is invalid under the Supremacy Clause, see Maryland v. Louisiana, 451 U.S. 725, 746 (1981).